L. W. CHILES, APPELLEE, V. CUSTER COUNTY, APPELLANT.

FILED JUNE 29, 1934. No. 28996.

M. M. *Runyan,* for appellant.

C. H. *Holcomb* and R. E. *Brega, contra.*

Heard before ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and LESLIE and RYAN, District Judges.

LESLIE, District Judge.

This is a suit by plaintiff against defendant for damages on account of construction of a highway across the land of plaintiff, by which a triangular tract containing approximately 7.87 acres was separated by the roadway from the main body of the plaintiff's farm. Briefly summarized, the facts are substantially as follows:

Plaintiff was the owner of the N. E. ¼ of the S. W. ¼, section 18, and the S. W. ¼ of the N. W. ¼ of the same section, township 16, range 23, Custer county. For many years there had been a public roadway on the east side

of the N. E. ¼ of the S. W. ¼ which turned westward at the northeast corner thereof and proceeded westward to the northwest corner of the N. E. ¼ of the S. W. ¼, section 18, when it again proceeded northward.

In 1925 the county board of Custer county was petitioned to designate this roadway as part of a county highway to extend from the west side of Custer county to a point in the county north of Oconto. No action was taken on this petition until March, 1930, when the road in question was designated a county highway by the board of county commissioners. That summer the county began operations to put it in condition, and when the southeast corner of the N. E. ¼ of the S. W. ¼ of section 18 was reached, it was found that if the old roadway were abandoned a short distance north of said southeast corner and the highway constructed diagonally across the land belonging to the plaintiff, and the S. E. ¼ of the N. W. ¼ of section 18 which joined plaintiff's land on the north and belonged to one Pandorf, four curves could be eliminated. The highway commissioner and the road committee of the county board discussed the advisability of this change of route with the plaintiff and Pandorf, with the result that the highway was routed across the two forty-acre tracts belonging to the said plaintiff and Pandorf. This was in October, 1930. Several months later the plaintiff filed claim with the county board for damages. This claim, it appears, was not acted upon by the board, but a conditional allowance of $100 was made to the plaintiff, and from this he appealed to the district court. Jury was waived, trial had to the court, and judgment awarded plaintiff in the amount of $300. From this the defendant county appealed to this court.

Plaintiff by his petition alleges the ownership of the S. W. ¼, and the S. W. ¼ of the N. W. ¼, section 18, Custer county; that in 1930 the county, in the construction and designation of a highway, appropriated certain of his land, and impaired the value of his entire farm by chang-

ing the course of the road as it had existed and routing it across plaintiff's property.

Defendant admits the appropriation of the land, and that the course of the highway was changed, but alleges that the change was with the knowledge and consent of the plaintiff, and that he agreed to waive claim for damages, and by his conduct is estopped to maintain this action.

The questions at issue are whether plaintiff waived his right to damages, and, if not, the amount of such damages.

It is not contended that there was a written agreement between the plaintiff and the defendant, but conversations had between plaintiff, the highway commissioner and individual members of the board of county commissioners are relied upon by the defendant as constituting an agreement between the plaintiff and defendant.

The evidence shows that in 1930, when work was begun on the highway, the plaintiff accompanied the county commissioner of highways, and at least one of the county commissioners, to the point where it was proposed to abandon the north and south road on the east boundary line of plaintiff's property and build it diagonally across the N. E. ¼ of the S. W. ¼ and the S. E. ¼ of the N. W. ¼ of section 18. The primary purpose of the diversion of the road at this point was the elimination of four curves. Plaintiff testified he informed the representatives of the county in charge of the construction that his land would be damaged by having the road cross the quarter section as proposed, and that he would demand damages. Several witnesses called by the defendant controverted the testimony of the plaintiff as to his intention to make claim for damages against the county, and testified also that plaintiff agreed to waive damages. Defendant having admitted the construction of the highway across plaintiff's quarter section and the appropriation of his land, for which plaintiff was not remunerated, and having pleaded in justification that plaintiff agreed

to waive his claim for damages, the burden was upon the defendant to prove by a preponderance of the evidence the agreement contended for. In our judgment defendant failed to make such proof. Had a jury been retained, we are of opinion that the trial court could not properly have submitted the question of waiver to it. It is not necessary, however, to discuss this, as a jury was waived and trial had to the court which found in favor of the plaintiff. This was the only judgment the trial court could have rendered, as we view it, and the judgment is

AFFIRMED.