VAN T. WESCOTT, APPELLANT, V. LEE MATHERS ET AL., APPELLEES.

FILED NOVEMBER 15, 1935. No. 29362.

*George A. Munro* and *Minor & Minor,* for appellant.

*Hamer & Tye* and *T. M. Hewitt, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

GOOD, J.

This is an action in replevin tried to the court without a jury. In his petition plaintiff set forth three separate causes of action. This appeal relates solely to the first cause of action wherein plaintiff alleged that he was the owner and entitled to the immediate possession of particularly described live stock, farm implements, also corn and alfalfa, growing or grown on certain described lands. To this first cause of action defendant entered a general denial.

February 7, 1934, after trial of the issues, the court made its findings and entered judgment thereon, in which the replevied property was awarded in part to plaintiff and the other part to defendants. Plaintiff and defendants filed motions for a new trial. Then followed an entry of a judgment on the 5th of April, 1934, which is at variance with

that entered on the 7th of February. To this judgment plaintiff filed a motion for a new trial which was overruled. The second judgment was entered at a term of court subsequent to that at which the first was rendered. On May 7, 1934, a *nunc pro tunc* journal entry was entered as of date March 17, 1934, which was during the term at which the first judgment was entered. The *nunc pro tunc* journal entry is as follows:

"That on the 17th day of March, 1934, that being one of the days of the adjourned October, 1933, term of this court, the above entitled cause came on to be heard, upon the motion of the plaintiff for a new trial and the motion of the defendant for a new trial, and upon consideration of said motions, the court is of the opinion that the findings and judgment of the court heretofore, and on the 7th day of February, 1934, entered, should be set aside, and the court upon its own motion doth set aside said findings and judgment and doth overrule both said motions, and again takes this cause under advisement for further consideration and determination by the court."

Plaintiff contends that the court was without jurisdiction to enter the second judgment, because it had no jurisdiction to set aside the judgment entered at the previous term of court, and argues that the *nunc pro tunc* order entered in May was an attempt by the court to give it jurisdiction of the cause to render the second judgment.

From the record it appears without question that the court did, in fact, on the 17th day of March, 1934, vacate its former judgment and again take the cause under advisement. That was at the same term and was within the jurisdiction of the court, but for some reason the journal entry of the judgment was not spread on the record. There is no question that the court may, at a subsequent term, enter a *nunc pro tunc* order to show what was actually done at a previous term of court. *Hamer v. McKinley-Lanning Loan & Trust Co.*, 51 Neb. 496; *Hyde v. Michelson*, 52 Neb. 680; *Calloway v. Doty*, 108 Neb. 319.

Plaintiff contends that the first judgment was set aside

without any notice to the plaintiff. The record fails to establish this claim; but, even had he been without notice, it does not appear that plaintiff was prejudiced because he did not seek to have the cause retried or additional testimony taken; nor is there any claim that there was other evidence that he could or would have produced. If the court concluded that it had made an error in the first judgment entered, it was warranted in setting it aside on its own motion at the same term. The cause then stood submitted to the court upon pleadings and the evidence. If plaintiff had desired to offer any further testimony, he should have made such a showing; none was made. No error, prejudicial to plaintiff in this respect, is disclosed.

With reference to the ownership of the farming implements and live stock described in the first cause of action, the evidence is in irreconcilable conflict. That on behalf of the plaintiff would indicate the ownership to be in plaintiff, while that on behalf of defendants would strongly indicate the ownership of the property was in defendants. It is a rule that, in the trial of a law action to the court without a jury, findings of facts based on conflicting evidence will not be disturbed on appeal, unless clearly wrong. *Vohland v. Barron*, 126 Neb. 50; *City of Cozad v. Thompson*, 126 Neb. 79; *Chiles v. Custer County*, 127 Neb. 481; *Miller v. Banner County*, 127 Neb. 690; *Elmcreek Ditch Co. v. St. John*, 127 Neb. 253. The finding is supported by sufficient evidence.

Ownership of the alfalfa hay and corn, described in the first cause of action, hinges upon a question of law. Plaintiff was the owner of a farm which he leased to defendants under a written instrument, which was partly printed and partly in typewriting, and which contained this typewritten provision: "The lessor (plaintiff) reserves ownership in all crops grown on said lands, title and possession thereof to be and remain in the lessor until the conditions of this lease are fully complied with, the rent paid, including the division and delivery of the landlord's share." Among other things, the typewritten portion of the lease or con-

tract provided for the payment of "$200 cash as evidenced by a note of even date and like amount." The undisputed evidence shows that this note had not been paid at the time this action was begun. The question arises as to whether, under this provision of the lease or contract, title and right of possession were in the plaintiff, the lessor.

In *Sanford v. Modine*, 51 Neb. 728, this court had under consideration a written instrument, whereby the owner of realty, by contract, had placed the possession thereof in another party for the raising of crops, and, by the terms of the instrument, the title and possession of the crops were to remain in the owner of the land until the compensation for the use of it was fully paid to the owner. In that case it was held that the title and possession were in the owner of the land. Referring to the contract, the court said (p. 732) :

"As we read and understand the foregoing, call it a lease or a contract as you may please, or the parties to it landlord and tenants, or the latter croppers, the agreement was that the parties who worked the land, who planted, cultivated, and harvested the crops had no interest or ownership therein until such time as there had been the division of them contemplated by the express terms of the instrument. This was their agreement directly and plainly stated. There is no claim that it was for any reason as to this stipulation void or not enforceable, and as we know of none, we must accept the contract which the parties made for themselves. We cannot, by so-called construction, supplant it by a different one which would be a contract, not of the parties, but the workmanship of the court. The owner of the land was, by the agreement, the owner of the crops until the performance of the conditions required of the other parties by the express terms of the agreement."

The courts of last resort of other states likewise hold that a provision in a lease, reserving to the landlord title in crops to be grown on the demised premises until the terms of the lease are complied with and the rent paid, is a valid and enforceable reservation of title. Among the cases so

holding are *Andrew v. Newcomb*, 32 N. Y. 417; *McCombs v. Becker*, 3 Hun (N. Y.) 342; *Consolidated Land & Irrigation Co. v. Hawley*, 7 S. Dak. 229; *Wentworth v. Miller*, 53 Cal. 9; *Merchants State Bank v. Sawyer Farmers Co-operative Ass'n*, 47 N. Dak. 375, 14 A. L. R. 1353; 17 C. J. 381.

Under the authorities above cited, title to the crops grown on the demised premises remained in the plaintiff until the cash rent had been paid and the landlord's share delivered to him, according to the terms of the instrument. Since the terms of the lease had not been complied with and the cash rent had not been paid, title remained in the landlord.

The conclusion of the trial court, that title to one-half of the alfalfa hay and corn, described in the first cause of action, was in defendants, is erroneous. For that reason the judgment of the district court, so far as it relates to the first cause of action, is reversed and the cause remanded for further proceedings consistent with this opinion. The judgment as to the second and third causes of action is affirmed.

AFFIRMED IN PART AND REVERSED IN PART.