James O'Grady, appellee, v. Emil J. Volcheck et al.,
appellants.

27 N. W. 2d 689

Filed May 23, 1947.    No. 32206.

*Paul I. Manhart* and *C. J. Wilson,* for appellants.

*Oscar T. Doerr* and *Frank C. Yates,* for appellee.

Heard before Simmons, C. J., Paine, Carter, Messmore, Yeager, Chappell, and Wenke, JJ.

Yeager, J.

This is an appeal by Emil J. Volcheck and William Christensen, appellants, from a judgment of the district court for Douglas County, Nebraska, sustaining the prayer of a petition in error filed in that court by James O'Grady, appellee herein.

The substantial and pertinent facts upon which the determination here depends are the following:   On August 16, 1943, the appellee herein filed a petition in the municipal court of the city of Omaha, Douglas County, Nebraska, wherein he claimed damages against appellants herein on account of an alleged assault and battery.   On September 16, 1943, a trial was had on the petition and judgment was rendered in favor of appellee and against appellants for $600.   On September 20, 1943, appellants filed a motion to vacate the judgment and for a new trial for fraud practiced upon the court.   On notice to appellee hearing was set on the motion for September 24, 1943.   On that date a hearing was had and hearing continued to September 25, 1943.   On September 25, 1943, the motion was sustained and the judgment set aside.   On September 28, 1943, the appellee filed a motion to vacate the order setting aside the judgment and appellants moved for an order setting aside the judgment nunc pro tunc as of September 20, 1943.   On September 30, 1943, appellee's motion to vacate the order setting aside the judgment was overruled and appellants' motion for a nunc pro tunc order was sustained and an order was entered setting aside the judgment as of September 20, 1943.   By this order a new trial was granted.

Thereafter on October 2, 1943, appellee filed in the district court for Douglas County, Nebraska, a petition in error challenging the validity of the order of the municipal court vacating the judgment entered on September 16, 1943, and also challenging the validity of the nunc pro tunc order of September 30, 1943.

Notwithstanding many pleadings filed and many other contentions the validity of the two orders mentioned was the only question properly presented to the district court and likewise it is the only one properly here.

The district court found and adjudged in effect that the order of September 25, 1943, purporting to vacate the judgment, and the order of September 30, 1943, pur-

porting to enter its order vacating the judgment nunc pro tunc as of September 20, 1943, were void and ineffectual and that the judgment of September 16, 1943, remained in full force and effect.

The determination of this question requires an interpretation and application of certain statutory provisions defining the power and control of the municipal court over its pronounced judgments.

Section 26-194, R. S. 1943, which is a provision of the act defining the powers and functions of the municipal court, is the following: "It shall be lawful for the judge before whom a cause has been tried, on motion, and being satisfied that the verdict was obtained by fraud, prejudice or undue means, at any time within four days after the entering of judgment, to grant a new trial, and he shall set a time for the new trial, of which the opposite party shall have at least three days' notice."

This is the only provision of the act empowering the municipal court to vacate its judgments on account of fraud, prejudice, or undue means. It has not been previously construed by this court. However in the present instance it does not appear to require construction but only application since its terms are clear and plain.

It is clear that under this statute a judgment of the municipal court may not be set aside for fraud, prejudice, or undue means unless it is done within four days from the date of entry of the judgment. The judgment under consideration here was not set aside until the ninth day after entry.

If then the municipal court has no power beyond that granted by the statute then the order vacating the judgment was invalid and of no effect. The appellants contend that it has general and inherent power to vacate its judgments for fraud independent of this statute.

To support their position in this connection appellants rely on section 26-1,201, R. S. 1943, as follows: "All provisions of the district court code of civil procedure, and all other provisions of the statutes of Nebraska not in

conflict with the provisions of this article and relating to matters for which no specific provision has been made herein, shall govern and apply to actions in the municipal court."

This provision appellants urge confers upon the municipal court the same rights with reference to vacation of judgments as is possessed by the district court with reference to the vacation of its judgments.

With this contention we cannot agree.

It will be observed that by the specific terms of this section the provisions of the district court code and of other statutes are applicable only in the absence of conflict with the provisions of the municipal court act.

It will also be observed that there is a conflict in this section with the district court code in this, that the section limits the time within which a municipal court judgment may be set aside on account of fraud, prejudice, or undue means to four days from the date of entry thereof, whereas the power of the district court is not so limited.

In the interpretation of a statutory limitation upon the power of the municipal court contained in another section of the statute (§ 26-1,100, R. S. 1943), to vacate a judgment, this court, in State Furniture Co. v. Abrams, 146 Neb. 342, 19 N. W. 2d 627, pointed out that the court was without power to vacate its judgment except in conformity with the provisions of the statute. In the opinion it was said: "From this statute it is plain that a motion to set aside a default judgment in the municipal court in cities of the metropolitan and primary class must be made within ten days from the entry of the judgment and in the manner provided by the statute. The appellee failed to proceed within the time and in the manner so provided. The court was therefore without authority or power to vacate or set aside its judgment."

We hold therefore that the order of September 25, 1943, purporting to vacate the judgment entered on

September 16, 1943, and to grant a new trial was under the statute ineffective for that purpose.

As one of their assignments of error appellants assert that section 26-194, R. S. 1943, is an invalid limitation upon the time for vacation of judgments obtained by fraud. They appear to have abandoned it since it is in no wise presented in propositions of law or argument. The subject therefore will not be considered herein.

Appellants contend in effect that the order of September 30, 1943, termed nunc pro tunc order purporting to vacate the judgment on September 20, 1943, amounted to a vacation of the judgment within four days of the date of entry.

The validity of the order of September 30, 1943, depends upon the question of whether or not it was within the true meaning of the term, a nunc pro tunc order. This court in Calloway v. Doty, 108 Neb. 319, 188 N. W. 104, explained the proper function of a nunc pro tunc order as follows: "It must be borne in mind that the proper function of a *nunc pro tunc* order is not for the purpose of correcting some affirmative action of the court which ought to have been taken, but its true purpose is to correct the record which has been made, so that it will truly record the action really had, but which through some inadvertence or mistake has not been truly recorded. In other words, it is an order to make the record speak the truth." See, also, Wescott v. Mathers, 129 Neb. 846, 263 N. W. 231; Central West Investment Co. v. Barker Co., 79 Neb. 47, 112 N. W. 291.

Analyzed in the light of these decisions it cannot be said that the order of September 30, 1943, was a nunc pro tunc order. It was not made to correct a record which had been previously made so as to truly record the action really had which through inadvertence or mistake had not been truly recorded. The order was not to make the record speak the truth. The order was clearly made for the purpose of recording action

as of an earlier date on a matter whereon on the earlier date there had been no previous action.

No authority is cited granting to the municipal court any such power or authority and we think there is no such authority. The order of September 30, 1943, was clearly invalid and ineffective as a vacation of the judgment in question.

For the reasons herein set forth the judgment of the district court is affirmed.

AFFIRMED.