JOHN J. GUNIA ET AL., APPELLANTS, V. CHARLES H. MORTON, APPELLEE.

120 N. W. 2d 371

Filed March 15, 1963. No. 35341.

Gross, Welch, Vinardi, Kauffman, Schatz & MacKenzie, for appellants.

Swarr, May, Royce, Smith, Andersen & Ross, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

BOSLAUGH, J.

The plaintiffs, John J. Gunia and Irene R. Gunia, brought this action to compel the defendant, Charles H. Morton, to remove dirt and debris from the plaintiffs' land and to construct a retaining wall to protect the plaintiffs' land from further encroachment.

The petition alleged that the defendant owned Lots 1 and 2 in Block 3, Club Terrace Addition to the city of Omaha, Nebraska; that the plaintiffs owned Lot 3 and a part of Lot 4 in Block 3, Club Terrace Addition to the city of Omaha, Nebraska; that the plaintiffs' land was immediately south of and adjacent to the defendant's property; and that the defendant had placed dirt and debris upon the plaintiffs' land which varied "in depth from one to eight feet" and which extended from a point approximately 12 feet south of the northeast corner of Lot 3 to the southwest corner thereof, and which contained "approximately one thousand cubic yards of dirt, fill and debris, more or less." The defendant's answer admitted that some dirt had been deposited upon a part of the plaintiffs' land when it was owned by the city of Omaha, Nebraska. The answer alleged that the dirt deposited upon the plaintiffs' land became attached to and a part of the land; and that the defendant disclaimed any interest in the plaintiffs' land. The reply was a general denial.

The case was tried on June 1, 1959, to the Honorable James M. Patton, one of the judges of the district court for Douglas County, Nebraska. The matter was taken under advisement and the parties were granted time in which to file briefs.

On July 29, 1959, Judge Patton wrote a memorandum opinion in the form of a letter to the attorneys for the parties which stated in part as follows: "The plaintiff should remove all dirt and other debris extending over his northerly lot, which was there when he purchased it, and that dirt which was washed down on his property afterwards. Within thirty days after the removal of

this dirt and debris notice that the plaintiff has removed the dirt and debris from his lot should be served on the defendant, and then the defendant should begin to erect a wall between his property and the plaintiff's property to keep the dirt or debris from falling or washing down on plaintiff's lot; this wall to be completed within a reasonable time. * * * Let a decree be drawn in accordance with this memorandum."

On November 13, 1959, during the September 1959 term of the district court, a typewritten decree, signed by Judge Patton, was entered on the records in the office of the clerk. The decree finds that in 1953 the defendant dumped or caused to be dumped upon the plaintiffs' land dirt fill and debris which "varies in depth from one to eight feet and is in the amount of 3,500 cubic yards, more or less. That since said dirt and debris was deposited on plaintiffs' land as hereinabove set forth, more dirt and debris has fallen onto and washed down from defendant's land * * *." The decree orders the plaintiffs to remove all dirt and other debris extending over and upon their northerly lot "which was at any time dumped upon said lot by the defendant or which has washed upon said lot from the property of the defendant"; that the plaintiffs shall notify the defendant after the dirt and debris have been removed; and that the defendant shall then erect a retaining wall upon the defendant's property to restrain dirt and debris from falling on or washing onto the plaintiffs' property.

Both the plaintiffs and defendant filed motions for new trial which were overruled on May 13, 1960.

Judge Patton retired from office in January 1961.

On October 2, 1961, during the September 1961 term of the district court, the plaintiffs filed a motion for an order amending the decree of the district court nunc pro tunc to conform with the announced findings of the court. At the hearing on this motion both parties presented evidence. After taking the matter under advisement the trial court overruled the motion. The plain-

tiffs' motion for new trial was overruled and the plaintiffs appealed.

The controversy here concerns the finding in the decree that the dirt fill and debris deposited upon the plaintiffs' land "varies in depth from one to eight feet and is in the amount of 3,500 cubic yards, more or less." The plaintiffs contend that the trial court actually found that the plaintiffs were to remove "all dirt and debris" from their property, and that the reference in the decree to the depth of the dirt fill and debris was a clerical error which was made in recording the judgment of the court.

A court of record has inherent authority to amend its records so as to make them conform to the facts. It is proper for a court to make an entry nunc pro tunc so that its records will speak the truth. Fisher v. Minor, 159 Neb. 247, 66 N. W. 2d 557. Such an order is proper to correct the record of a judgment, but not to correct the judgment itself. Clerical errors may be corrected by an order nunc pro tunc but judicial errors may not.

The proper function of an order nunc pro tunc is to correct a record which has been made so that it will truly record the action had, which through inadvertence or mistake has not been truly recorded. O'Grady v. Volcheck, 148 Neb. 431, 27 N. W. 2d 689. It is not the purpose of an order nunc pro tunc to correct, change, or modify action previously taken by the court. Ricketts v. Continental Nat. Bank, 169 Neb. 809, 101 N. W. 2d 153.

In support of their motion for an order nunc pro tunc the plaintiffs called Judge Patton as a witness and offered his letter of July 29, 1959. Judge Patton recalled writing the letter of July 29, 1959, but he had no independent recollection of the other matters which are in dispute at this time. Judge Patton did not remember signing the written decree but the evidence establishes that it was prepared by the attorneys for the plaintiffs and submitted by them to the trial court for approval and signature. Although Judge Patton's let-

ter of July 29, 1959, did not mention the depth of the dirt fill and debris upon the plaintiffs' land, the finding in the decree that the dirt fill and debris "varies in depth from one to eight feet" is not necessarily inconsistent with the letter.

The fact that the finding in question coincides with the allegations of the petition is a strong circumstance against the plaintiffs. A party may at any time invoke the language of his opponent's pleading, on which the case is tried, on a particular issue, as rendering certain facts indisputable. Knuth v. Singer, 174 Neb. 182, 116 N. W. 2d 291. There is no showing that the plaintiffs at any time made an effort to amend their allegation as to the depth of the dirt fill and debris upon their land, or that at the time of the trial in 1959 there was any evidence before the trial court that the depth of the dirt fill and debris exceeded 8 feet.

The evidence in this case does not establish that the finding that the dirt fill and debris upon the plaintiffs' land varied in depth from 1 to 8 feet was included in the judgment of the district court as the result of a clerical error. Therefore, the motion to amend the judgment by an order nunc pro tunc was properly overruled.

The judgment of the district court is correct and it is affirmed.

AFFIRMED.

YEAGER, J., not participating.