ESTHER LARSON, E. HENRIETTA REDFERN AND BILL REDFERN, AND THELMA ADAMSON AND HARVEY ADAMSON, APPELLEES, V. RICHARD A. BEDKE AND HELEN K. BEDKE, APPELLANTS.

318 N.W.2d 253

Filed April 16, 1982. No. 43655.

Nye, Hervert, Jorgensen & Watson, P.C., for appellants.

Jacobsen, Orr & Nelson and Moller R. Johnson, for appellees.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and HASTINGS, JJ.

BRODKEY, J., Retired.

This case involves a dispute between adjoining neighbors over the use of a common driveway between their properties, and also their rights with respect to a double garage located at the rear of their lots at the end of said driveway. Richard A. Bedke and Helen K. Bedke, the defendants below and appellants in this court on appeal, are the record owners of Lot 1, Block 5, Sherman Addition to Ravenna, Buffalo County, Nebraska. Esther Larson, E. Henrietta Redfern and Bill Redfern, and Thelma Adamson and Harvey Adamson, the plaintiffs below and appellees in this court, were the record owners of Lot 2, Block 5, Sherman Addition to Ravenna, Buffalo County, Nebraska. They will from time to time be referred to in this opinion as "Larson." The Bedke property adjoins the Larson property on the north thereof, and the common driveway between the properties runs from the street on the east end of said lots in a westerly direction toward the garage located on the west end of the lots. The driveway in question is situated entirely on Lot 1, Block 5, the property owned by the Bedkes, but was, as claimed by Larson, sufficiently used by them to establish an easement over the driveway. The double-car garage, situated on the west end of the driveway, is situated on both lots, but the larger portion of the garage is situated on Lot 1, Block 5, the Bedke property.

On March 13, 1979, Esther Larson and her co-plaintiffs filed an action against the Bedkes in the District Court of Buffalo County, alleging interference by the Bedkes with plaintiffs' right to use such driveway for ingress and egress, as well as their use

of the garage on said premises, and praying for relief as follows:

"1. During the pendency of this action, a temporary injunction be issued restraining the Defendants and each of them from interfering in any manner with Plaintiffs use of the said double garage and driveway.

"2. Enter an Order making the temporary injunction permanent upon final hearing.

"3. Enter an Order finding and determining that Plaintiffs have a prescriptive easement over said driveway and in the use of said double garage.

"4. For such other and further relief in the premises as may be just and equitable."

We note that nothing in the prayer of the petition as set out above specifically requests that the court find that the plaintiffs have acquired title by adverse possession to any part of the property of the defendants located in the south half of the garage. However, in the pretrial conference report entered by the court on July 25, 1979, it is stated: "Plaintiffs allege prescriptive easement for joint use of driveway on the south portion of Lot 1, Block 5, Sherman Addition and for a determination that the plaintiffs are the owners by prescriptive use of the south half of the garage. Plaintiffs further pray for an order preventing defendants from obstructing plaintiffs' use and access." On November 27, 1979, following trial of the case, the court entered its journal entry setting forth its findings of fact and judgment, hereinafter referred to as "original judgment." Among the findings contained in said judgment are the following: "From the evidence the Court finds that the south 7½ feet of Lot 1 in Block 5 of the Sherman Addition to Ravenna, Buffalo County, Nebraska, is subject to easement in favor of Lot 2 in Block 5, Sherman Addition to the City of Ravenna, Buffalo County, Nebraska, for joint driveway purposes and remains so until this date. . . .

250

. . . .

"The Court finds that the plaintiffs are entitled to an injunction to prevent the defendants from interferring [sic] with plaintiffs' right of use of the joint driveway to the extent of their easement.

"IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the defendants and each of them are enjoined from and in any way obstructing the south 7.5 feet of Lot 1, Block 5, Sherman Addition to Ravenna, Buffalo County, Nebraska, in such a way as to interfere with the joint use of said property by the plaintiffs and the defendants.

"THE COURT FURTHER FINDS that the remaining portion of the driveway lying to the north thereof is the sole property of the defendants, but in the absence of any evidence that the plaintiffs have trespassed or used any portion of such driveway, no restraining order or injunction should be granted."

On December 6, 1979, the Bedkes filed their motion for new trial and a motion for a modified journal entry. On December 21, 1979, after proper notice to all parties, the court entered its order overruling the Bedkes' motion for a new trial but sustained in its entirety their motion for the modification of the journal entry, finding, among other things, that Esther Larson had occupied the property in 1937 and that at that time there was a driveway approximately 7½ feet in width located upon and part of Lot 1, which they then described by metes and bounds as "Tract A" and "Tract B." The court also found that "[a]t the west end of the driveway there was a garage with two doors facing to the east. The South 7.85 feet of the garage was located upon Lot 2. The North 16.35 feet of the garage was located on Lot 1. From 1937 until 1949, the occupants of the two adjoining lots used the driveway as a joint driveway and each occupied their one-half of the driveway.

. . . .

"From the evidence the Court finds that TRACT A

and TRACT B described above, of Lot 1, Block 5, Sherman Addition to Ravenna, Buffalo County, Nebraska, are subject to an easement in favor of Lot 2, Block 5, Sherman Addition to the City of Ravenna, Buffalo County, Nebraska, for joint driveway purposes, and remains so until this date." The court also found that both the plaintiffs and the defendants were entitled to an injunction to prevent the other from interfering with their respective rights of use of the joint driveway, and did so enjoin them from such interference. In all other material respects, the modified order was the same as the original judgment entered.

It is to be noted, however, that both the original judgment and modified journal entry entered by the court refer solely to the granting of an easement to the use of the driveway in question, and no mention or reference therein is made to the quieting of title to any portion of the garage by prescriptive use or adverse possession. It should also be noted that the term of the District Court during which the judgment and modified journal entry were rendered ended on March 17, 1980. Thereafter, on April 17, 1980, the plaintiffs filed a motion for entry of an order nunc pro tunc, to which the Bedkes filed a demurrer and objection. Following a hearing on the matter, on May 20, 1980, the District Court entered its order and judgment nunc pro tunc, and we quote from the findings and judgment in that nunc pro tunc order: "On this twentieth day of May, 1980, upon consideration of the evidence, the Court finds that the modified journal entry is incorrect and does not reflect the judgment of the Court as to the legal description of the joint and mutual driveway for the reason that it does not exclude from the premises described as the driveway the garage on the west end of both properties and for the further reason *that it does not quiet title in the plaintiffs to the real property which they have occupied as their half of*

*the joint garage for such period of time as to acquire legal title to that portion of Lot 1 upon which their half of the garage is situated.*

"The Court therefore finds that the original journal entry and the modified journal entry should be corrected by this order nunc pro tunc to conform to the evidence, and to eliminate the error in legal description contained in the modified journal entry.

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the judgment and journal entry of November 27, 1979, is *corrected and amended* nunc pro tunc to read as follows: . . ." (Emphasis supplied.) The remainder of the order, in general, follows the wording of the original order, with the following notable exceptions: "From 1937 until 1949, the occupants of the two adjoining lots used the driveway as a joint driveway and each occupied their one-half of the garage.

. . . .

"Plaintiffs also pray for a determination that the plaintiffs are owners by prescriptive use of the south half of the garage, which is interpreted by the Court for a quiet title in their favor for that real estate occupied by their south half of the garage. The Court finds that the plaintiffs have occupied their half of the garage for more than ten years and have acquired title by adverse possession to the real estate upon which their half of the garage is situated.

. . . .

"The Court finds that the plaintiffs are entitled to an injunction to prevent the defendants from interfering with the plaintiffs' right of use of the joint driveway to the extent of their easement and the defendants are entitled to an injunction to prevent the plaintiffs from interfering with the defendants's [sic] right of use of the joint driveway to the extent of their rights therein.

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that plaintiffs have acquired title

by adverse possession to the south 4.35 feet of the west 22 feet of Lot 1, Block 5, Sherman Addition to Ravenna, Buffalo County, Nebraska, by adverse possession and title to said real estate is quieted in the plaintiffs, E. Henrietta Redfern and Thelma Adamson subject to the life estate of Esther Larson.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the defendants and each of them and that the plaintiffs and each of them are permanently enjoined from in any way obstructing, preventing, or interfering with the other's joint use of the joint driveway located on the south 7.5 feet of Lot 1 in Block 5, Sherman Addition to Ravenna, Buffalo County, Nebraska, except the west 22 feet thereof.

"THE COURT FURTHER FINDS that the remaining portion of the driveway lying north of the south 7.5 feet of Lot 1, Block 5, Sherman Addition to Ravenna, Buffalo County, Nebraska, except the west 22 feet thereof is the sole property of the defendants, but in the absence of any evidence that the plaintiffs have trespassed or used any portion of such driveway, no restraining order or injunction should be granted."

On May 27, 1980, the Bedkes filed their motion for a new hearing on motion for entry of order nunc pro tunc, which order was overruled by the court. The record reveals, however, that at the hearing on the motion for a new hearing the trial judge stated: "I'm going to leave the order nunc pro tunc stand on the basis that I think it expresses what we desired or at least I desired to express with regard to the easement rights on the driveway and the permanent right of ownership and possession as to the garage. . . . There may be a procedural problem as to the nunc pro tunc as to the garage, but overall I think we at least have solved what the problem — solved the problem so far as the rights of the ownership . . . ."

Following the overruling of the motion for a new hearing, the Bedkes perfected their appeal to this court, making the following assignments of error in their brief: "1. The trial court erred in finding that the order and judgment nunc pro tunc entered on May 20, 1980, truly recorded the judgment actually rendered which through some inadvertence or mistake had not been truly recorded. 2. The trial court erred in entering its order and judgment nunc pro tunc when said order and judgment corrected, enlarged, broadened, changed and modified the judgment originally rendered by supplying a judicial omission and affirmative action not originally taken by the Court."

The issue in this appeal would therefore appear to be whether the trial court, in entering its order and judgment nunc pro tunc, was correcting the record of the court as to the original judgment on the basis that it had not been correctly recorded through inadvertence or mistake, or whether, as claimed by the appellants herein, the court was attempting to correct a judicial error or omission in the entry of its original judgment, and, in so doing, corrected, enlarged, broadened, changed, and modified the judgment originally rendered.

It will be helpful at this point to review some pertinent principles of law relative to the use of nunc pro tunc orders and judgments, as well as the limitations on the use of such orders and judgments. The general Nebraska rules relating thereto are summarized and set out with appropriate citations of authority in 4 Moore, Nebraska Practice § 3178 at 711-12 (1965) as follows: "The function of a nunc pro tunc order is not to correct some affirmative action of the court which ought to have been taken but its function is to correct the record which has been made so that it will truly express the action taken but which, through inadvertence or mistake, was not truly recorded. It is proper for a court to make an

entry nunc pro tunc in order to correct its records so that they shall speak the truth.

"If a judgment in fact was rendered, if an order in fact was made, and such judgment or order not recorded, then the court at any time afterwards, in a proper proceeding and upon a proper showing, is vested with the power to render nunc pro tunc such judgment or make such order. The order nunc pro tunc may be supported by the judge's notes, court files, or other entries of record. It may also be based upon other evidence, oral or written, which is sufficient to satisfy the court that the order is required to make the record reflect the truth.

"A nunc pro tunc order, otherwise proper, may be entered either at the term in which the judgment or order was entered or at a subsequent term.

"The rules relating to nunc pro tunc orders are generally applicable to administrative and quasi-judicial commissions." See, *Andrews v. Nebraska State Railway Commission,* 175 Neb. 222, 121 N.W.2d 32 (1963); *Satterfield v. State,* 172 Neb. 275, 109 N.W.2d 415 (1961); *Bower v. Butcher,* 171 Neb. 452, 106 N.W.2d 689 (1960); *Fisher v. Minor,* 159 Neb. 247, 66 N.W.2d 557 (1954); *State v. Kortum,* 176 Neb. 108, 125 N.W.2d 196 (1963); *Watson Bros. Transp. Co. v. Red Ball Transf. Co.,* 159 Neb. 448, 67 N.W.2d 475 (1954).

However, in *Andrews v. Nebraska State Railway Commission,* 178 Neb. 799, 806-07, 135 N.W.2d 712, 717-18 (1965), this court stated: "Appellant seeks to have the 1938 order corrected to delete any reference to any point of origin, or any point of destination, and omit the word 'occasionally,' upon the ground that all of these were a clerical error or mistake. It is not the function of an order nunc pro tunc to change or revise a judgment or order, or to set aside a judgment actually rendered; nor to render an order different from the one actually rendered, *even though the order actually rendered was not the*

*order the commission intended to render.* An order nunc pro tunc 'cannot be used to enlarge the judgment as originally rendered or to change the rights fixed by it as it was originally intended or made, nor can it be employed where the fault in the original judgment is that it is wrong as a matter of law or to allow the court to review and reverse its action with respect to what it formerly refused to do or assent to.' 49 C.J.S., Judgments, § 258, p. 475." (Emphasis supplied.) In the foregoing opinion, the court obviously recognized the distinction between clerical errors and judicial errors as being subject to correction by a nunc pro tunc order. The same distinction was recognized by this court in the case of *Gunia v. Morton,* 175 Neb. 53, 120 N.W.2d 371 (1963). In that case this court stated as follows at 56, 120 N.W.2d at 373: "A court of record has inherent authority to amend its records so as to make them conform to the facts. It is proper for a court to make an entry nunc pro tunc so that its records will speak the truth. Fisher v. Minor, 159 Neb. 247, 66 N.W.2d 557. Such an order is proper to correct the record of a judgment, but not to correct the judgment itself. *Clerical errors may be corrected by an order nunc pro tunc but judicial errors may not.*

"The proper function of an order nunc pro tunc is to correct a record which has been made so that it will truly record the action had, which through inadvertence or mistake has not been truly recorded. O'Grady v. Volcheck, 148 Neb. 431, 27 N.W.2d 689. It is not the purpose of an order nunc pro tunc to correct, change, or modify action previously taken by the court. Ricketts v. Continental Nat. Bank, 169 Neb. 809, 101 N.W.2d 153." (Emphasis supplied.)

As pointed out in 46 Am. Jur. 2d *Judgments* § 201 at 443-44 (1969), the foregoing rule appears to be the general rule. In the above section, it is stated: "The general rule is that an amendment of the record of a judgment, and a nunc pro tunc entry there-

of, may not be made to correct a judicial error involving the merits, or to enlarge the judgment as originally rendered, or to supply a judicial omission or an affirmative action which should have been, but was not, taken by the court, or to show what the court might or should have decided, *or intended to decide, as distinguished from what it actually did decide.* The power of the court in this regard is to make the journal entry speak the truth by correcting clerical errors and omissions, and it does not extend beyond such function. Although grounds may exist for opening, modifying, or vacating the judgment itself, yet in the absence of such grounds, the court may not, under the guise of an amendment of its records, revise or change the judgment in substance and have such amended judgment entered nunc pro tunc. The nunc pro tunc order must conform to and be no broader in its terms than the judgment originally rendered." (Emphasis supplied.)

We are convinced that that is what happened in the instant case, and that the failure of the original judgment to include any reference to quieting the real estate covered by the garage was not a clerical error in recording the judgment but was, rather, a judicial omission. The nunc pro tunc order and judgment entered by the trial court in this case had the effect of changing and broadening the clear words and effect of the original judgment in this case. There is no written or oral evidence whatsoever in the record that the trial court in entering the original judgment intended to quiet title to the garage property, other than the statement of the court itself made at the hearing on the motion for new trial in connection with the nunc pro tunc judgment, which statement we have set out above in this opinion. It must be remembered that the statement made by the judge was not in any manner evidence or testimony by the judge, but was merely a statement from the bench made at the argument for a

new trial. Even that statement is ambiguous and subject to different interpretations. After stating that he was going to leave the order nunc pro tunc stand, he expressed his reasons therefor as follows: "I think it expresses what we desired, *or at least I desired to express* with regard to the easement rights on the driveway and the permanent right of ownership and possession as to the garage." (Emphasis supplied.) We believe the trial judge was attempting at that time to correct what he believed was a judicial omission and to supply an affirmative action which he believed should have been but was not taken by the court, to show what the court might or should have decided. Under the authorities previously cited, it is clear that this is not a proper function of an order nunc pro tunc.

We therefore conclude that the trial court erred in entering its judgment on May 20, 1980, correcting the original judgment nunc pro tunc, and quieting title to the property upon which the garage was situated. We therefore reverse said nunc pro tunc judgment, and vacate and set aside the court's order entered on May 20, 1980, as well as the court's order of December 21, 1979, which modified the original judgment entry correcting the description of the easement granted by the court in the original judgment (which order of modification was found by the court to be erroneous), and we reinstate the original judgment of the court entered on November 27, 1979, enjoining the defendants from in any way obstructing the south 7.5 feet of the entire Lot 1, Block 5, in such a way as to interfere with the joint use of the said property by the plaintiffs and the defendants. This is the judgment originally entered by the court, and which judgment was not appealed from by either party. This is an equitable action, and our decision will, we believe, do equity to all parties. However, as previously stated, the present appeal is only from the order of the court entered on May 20, 1980, en-

tering its nunc pro tunc judgment. We conclude that that order must be reversed and vacated.

REVERSED AND VACATED.

WHITE, J., participating on briefs.