ESTHER LARSON, E. HENRIETTA REDFERN AND BILL
REDFERN, AND THELMA ADAMSON AND HARVEY
ADAMSON, APPELLEES, v. RICHARD A. BEDKE AND
HELEN K. BEDKE, APPELLANTS.

322 N.W.2d 367

Filed July 16, 1982. No. 43655.

Nye, Hervert, Jorgenson & Watson, P.C., for appellants.

Jacobsen, Orr & Nelson, and Moller R. Johnson, for appellees.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

PER CURIAM.

In our original opinion (211 Neb. 247, 318 N.W.2d 253 (1982)) we reversed and vacated an order of the District Court for Buffalo County entered nunc pro tunc, having concluded that the order was an attempt to correct a judicial error which is not a proper matter for correction nunc pro tunc. Upon motion for rehearing we conclude that, although the legal principles announced in our original opinion are entirely correct, the record does, in fact, show that the error being corrected was a clerical omission by counsel and not a judicial error. We therefore modify our opinion and affirm the action of the District Court in entering the nunc pro tunc order.

The following principles are applicable: "A court of record has the inherent authority to amend its records so as to make them conform to the facts. The power extends as well to the supplying of omissions as to the correcting of mistakes, and in the exercise of the power the court is not confined to an examination of the judge's minutes or other written

evidence; it may proceed upon any satisfactory evidence, oral or written." *Fisher v. Minor,* 159 Neb. 247, 66 N.W.2d 557 (1954) (syllabus of the court). "More specifically it has been held that the purpose of a nunc pro tunc entry is to correct mistakes of the clerk or other court officer, or inadvertences of counsel, or to settle defects or omissions in the record, so that it will show what actually took place." 21 C.J.S. *Courts* § 227 at 423 (1940). Some courts hold that orders nunc pro tunc can be based upon the judge's recollection; others hold otherwise. "[A]lthough, where it appears from written evidence that judgment was rendered or other action taken, parol proof may be resorted to for the purpose of ascertaining the character, terms, and conditions of such action, the personal knowledge and recollection of the court being admissible for such purpose. As distinguished from those cases which require written evidence as a basis for entries nunc pro tunc, there exists authority to the effect that such entries may be made on any competent evidence, although it be wholly outside the record, such as the memory of the court alone, or recollection of the court together with other parol evidence." 21 C.J.S., *supra* at 426. *Fisher v. Minor, supra,* is cited by C.J.S. for the proposition that "such entries may be made on any competent evidence."

The transcript shows that by pretrial order, prescriptive title to the portion of the garage occupied by the Bedkes was made an issue. Included in the evidence introduced at the hearing on the application for entry of the order nunc pro tunc was the following: (1) The pretrial order. It made title to the portion of the garage occupied by Larson but located on the Bedke property an issue. (2) The trial docket. The entry of November 27, 1979, deals only with an easement in general terms. The entry of December 21, 1979, simply notes order modified and motion for new trial overruled. Neither of these is incon-

sistent with the position that the failure to include in the journal entry an order disposing of the quiet title issue was simply an omission. (3) The journal entry of November 27, 1979, which recites in its findings: "At the west end of the driveway there was a garage with two doors facing to the east. The South 7.85 feet of the garage was located upon Lot 2. The North 16.35 feet of the garage was located on Lot 1. From 1937 until 1949, the occupants of the two adjoining lots used the driveway as a joint driveway and each occupied their one-half of the driveway [sic]." It is clear that the reference to driveway is a patent error and the word intended to be used was garage. This journal entry also contains the following in its findings: "As late as one year ago the Plaintiff Esther Larson's son-in-law used her half of the garage for his vehicle . . . ." The modified journal entry of December 21, 1979, contains the same findings. Neither journal entry disposes of the issue of title to the portion of the garage occupied by Larson but located on the Bedke lot. (4) The motion for new trial. It contains a request for a modified judgment and attaches a proposed order. That proposed order contains the same recitals with reference to the garage which are previously mentioned, but the order portion deals only with an easement to the front of the garage. It proposes to quiet title to the rest of the lot in the Bedkes. (5) A notice to Larson to vacate the 4.5 feet of the garage and a copy of a petition in ejectment. (6) The bill of exceptions from the original trial. It shows, as the original opinion notes, that the one-half of the garage occupied by Larson lies partly on the Larson lot and partly on the Bedke lot. (7) The bill of exceptions relating to the hearing on the application for the order nunc pro tunc. It contains the following recital by the court: "[B]ut I understand that the motion for nunc pro tunc goes not to the review of the addition but to see where the error has been established in

the rendition of it from what was intended. That was the purpose of nunc pro tunc." (8) The record showing that the journal entry of December 21, 1979, was drafted by counsel for the Bedkes.

It is to be observed that in each of the journal entries, findings were made on the issue of prescriptive title to a portion of the garage. These findings supported a finding of adverse possession. The findings, however, were not implemented in the order portion of the journal entry.

It now seems clear to us that the failure to deal with the issue of title to a portion of the garage was a simple omission. It seems further clearly inferable that this was an omission of counsel in drafting the journal entry. Nothing in the docket entries contradicts the showing of mere "omission."

Our original opinion is accordingly modified, and the portion thereof vacating the order nunc pro tunc is withdrawn and the order of the District Court entered nunc pro tunc on May 7, 1980, is reinstated.

AFFIRMED.