CONTINENTAL OIL COMPANY, APPELLEE, V. SHELDON J. HARRIS, APPELLANT.

333 N.W.2d 921

Filed May 20, 1983. No. 82-453.

Harris, Feldman, Stumpf & Pavel, for appellant.

Thompson, Crounse and Pieper, for appellee.

KRIVOSHA, C.J., WHITE, CAPORALE, and SHANAHAN, JJ., and EMPSON, D.J.

CAPORALE, J.

Sheldon J. Harris, defendant in the court below, appeals from the denial of his motion to vacate a purported order nunc pro tunc. We reverse.

This litigation was instituted by Continental Oil Company (Conoco), appellee herein, to foreclose a real estate mortgage on a parcel of land owned by Harris. At the sheriff's sale following the entry of a decree of foreclosure, Conoco made a purchase bid of $17,607.55. The trial court refused to confirm that

sale on the basis that the bid was inadequate. At a second sale, held on July 22, 1980, Conoco bid a purchase price of $16,686.33; this sale was confirmed by the trial court. However, Harris' subsequent "Motion for Rehearing" (sic) was sustained and a new trial granted. Following that second trial the court below, on July 2, 1981, entered an order providing, among other things, as follows:

"UPON CONSIDERATION, the Court finds that the assessed value of said property is $71,000.00; that there was expert testimony as to value in varying amounts.

"The Court finds from the evidence that the mortgaged premises which was sold at sheriff's sale, had a fair and reasonable value equal to or greater than the amount of the Decree, which was in the amount of $34,783.92, plus costs.

"IT IS THEREFORE, CONSIDERED, ADJUDGED AND ORDERED, that the Order of this Court dated November 19, 1980 be, and hereby is, vacated and set aside.

"IT IS FURTHER ORDERED, that a sale in the amount of $34,783.92, plus the costs of this action be, and hereby is, confirmed by the Court and upon payment of that amount through the Clerk of the District Court the Sheriff of Douglas County, Nebraska is directed to execute and deliver a proper deed in conformity therewith."

Thereafter, Conoco filed a motion for a new trial which asserted, among other grounds: "That in finding that the mortgage premises had a fair and reasonable value equal to or greater then [sic] the amount of the decree, and confirming the sale in the amount of the original decree, the Court ignored the fact that there are outstanding and unpaid real estate taxes upon the mortgage premises, which are not taken into account in the sale amount set forth in the Court's Order of July 2." This motion was heard on August 25, 1981; on August 31, 1981, the court below, without at that time ruling on Conoco's motion

for new trial, entered a purported order nunc pro tunc providing, among other things:

"IT IS THEREFORE CONSIDERED, ORDERED, ADJUDGED AND DECREED that the Court's administrative Order of July 2, 1981, heretofore entered, is modified to the extent that a sale in the amount of $34,783.92, plus the costs of this action, less the amount of the taxes and special assessments outstanding and unpaid on the property as of the date of this Order be, and hereby is, confirmed by the Court . . . ."

Conoco then filed a motion again seeking confirmation of the sheriff's sale held on July 22, 1980, modifying its bid to conform to the purported order nunc pro tunc. Subsequently, Harris filed a motion to vacate the purported order nunc pro tunc. This appeal was taken from the denial of that motion.

Harris assigns as error that the trial court's use of an order nunc pro tunc to correct a judicial, as opposed to a clerical, error was improper; this assignment is correct.

The rules set forth in *Larson v. Bedke*, 211 Neb. 247, 318 N.W.2d 253 (1982), *modified* 212 Neb. 134, 322 N.W.2d 367 (1982), control this case. In summary, *Larson* holds that the office of an order nunc pro tunc is to correct a record which has been made so that it will truly record the action had, which through inadvertence or mistake was not truly recorded. It is not the function of an order nunc pro tunc to change or revise a judgment or order, or to set aside a judgment actually rendered, or to render an order different from the one actually rendered, even though such order was not the order intended. An order nunc pro tunc cannot be used to enlarge the judgment as originally rendered or to change the rights fixed by it. Neither can it be employed where the fault in the original judgment is that it is wrong as a matter of law, nor can it be employed to allow the court to review and reverse its action with respect to what it formerly did or refused to do.

We have previously said that an order nunc pro tunc may be supported by the judge's notes, court files, or other entries of record. It may also be based upon other evidence, oral or written, which is sufficient to establish that the order is required to make the record reflect the truth. *Fisher v. Minor*, 159 Neb. 247, 66 N.W.2d 557 (1954).

The purported order nunc pro tunc changed the rights fixed by the so-called "administrative" order entered July 2, 1981, by, in effect, changing the minimum amount Conoco was required to bid by a sum equal to the taxes and special assessments outstanding. We have nothing before us which demonstrates that the trial court's order of July 2, 1981, whether correct or not, did anything other than to record what the trial judge intended to decree at that time. That being so, any error in that order is a judicial and not a clerical one. Such error cannot be corrected by an order nunc pro tunc.

In view of that determination Harris' remaining assignment of error, that the trial court erred in confirming a foreclosure sale to the mortgagee for an amount less than its foreclosure decree, need not be addressed.

Accordingly, the order of the trial court overruling Harris' motion to vacate and set aside the order nunc pro tunc is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.