EMIL C. ACKERMAN ET AL., APPELLEES, V. GUS. A. ACKER-
MAN ET AL., APPELLEES, IMPLEADED WITH GEORGE
R. DICKINSON PAPER COMPANY, APPELLANT.

FILED DECEMBER 18, 1900.   No. 11,359.

1. **Amendment of Court Records:** EVIDENCE.  A court has the power
at a subsequent term to amend or correct its records to con-
form to the facts, and may proceed upon any satisfactory evi-
dence.

2. ————: SUBSEQUENT TERM: RECOLLECTION OF JUDGE: QUÆRE.
Whether a correction of the record may be made at a subse-
quent term from the personal recollection alone of the trial
judge not decided.

3. **Finding:** EVIDENCE.  A finding without any evidence to sustain it
will be set aside.

APPEAL from the district court for Douglas county.
Heard below before SCOTT, J.  *Reversed.*

*Holmes & Morgan,* for appellant.

*A. N. Ferguson, contra.*

NORVAL, C. J.

This case was here on a former appeal, wherein it was
held that a sale made by the receiver appointed by the
court, of certain property belonging to the estate, was
void, for the reason that the order directing the sale
provided that it take place on May 29, 1894, whereas the
sale was made on June 18 and 19, 1894.  *Ackerman v.
Ackerman,* 50 Nebr., 54.  After the decision above men-
tioned was handed down, the receiver moved the court
for an order *nunc pro tunc,* to make the records show that
an order was in fact made directing the receiver to sell
the property upon the 18th day of June, it being claimed
that such an order was made by the court after its order
directing the sale on the 29th day of May, but for some
reason had not been placed of record by the officers of
the court.  The same judge who made the order of sale

heard the motion and, upon hearing, entered the following:

"This cause coming on to be heard this 24th day of November, 1899, upon the motion of A. N. Ferguson, as attorney for John H. F. Lehman, late receiver now deceased, as well also as his attorney, for the administrator of the estate of said Lehman, and for Charles J. Karback, and Fred Metz Sr., the sureties upon the bond of the receiver in the above entitled action for John H. F. Lehman, for a *nunc pro tunc* order to make that of record which was in fact made authorizing said receiver to advertise and sell the assets of the firm of Ackerman Bros. & Heintze to take place on June 18, 1894, as of and before said date. Both parties appearing in open court by their respective counsel, and after hearing the evidence and argument of counsel, and the court being fully advised in the premises, does find that between the 29th day of May, 1894, and before the 18th day of June, 1894, and before said sale, the court authorized and directed said receiver by an order to advertise to sell said property at public sale, as by the decree of the court, so ordered; and that said sale was made upon said order on June 18th and 19th, 1894; that said order was never journalized or made of record in the above case, through some oversight or mistake, though the same had been in fact made prior to said sale.

"It is therefore ordered, adjudged and decreed by the court that it be entered of record *nunc pro tunc* as of and before the date of June 18, 1894, to-wit: that said John H. F. Lehman, receiver in said cause, be, and he is hereby authorized and directed to sell the assets of the firm of Ackerman Bros. & Heintze on the 18th day of June, 1894, and proceeding thereafter until such sale is completed, and that this order be journalized and recorded as of and before said 18th day of June, 1894, and after May 29th, 1894, as the same should have been and was done, except the journalization of said order."

From this order one of the creditors, the George R.

Dickinson Paper Company, appeals, claiming that there was no evidence offered on the hearing of the said motion in support thereof, and the order of the court is without evidence to sustain it. A bill of exceptions is attached to the transcript, duly certified to contain all the evidence offered on the hearing of the motion, and we are of the opinion that no evidence was before the lower court on which to base said order. There is conflict of authorities concerning the nature of the evidence necessary to entitle courts to alter or amend their records, where the proceeding to alter or amend or correct is had at a term subsequent to the one at which such record was made. Many courts hold that to make such alterations or corrections there must be something of record, as the judge's minutes, or some paper writing in the cause, from which the court can ascertain that such alteration or correction should be made. This court, however, has adopted the rule, which seems the better one, that in the exercise of its power of correction of its records the court is not confined to an examination of the judge's minutes, or written evidence, but it may proceed upon any satisfactory evidence. *School District v. Bishop*, 46 Nebr., 850 and cases there cited; *In re Wight*, 134 U. S., 136; *Jacks v. Adamson*, 56 Ohio St., 397; 17 Ency. Pl. & Pr., 931 and note 2.

It is contended by counsel for the deceased receiver's estate that the court, in part at least, made the order from its personal recollection of the facts, and that the order needed no further evidence than that. Whether the personal recollection of the judge alone is sufficient it is not necessary to decide, as there is nothing of record to show that the order was based upon such recollection.

It is further contended that the return of the receiver of the order of the sale constitutes evidence of the existence of such an order, the return, introduced on the hearing, reciting, "in compliance with the order of the court I have sold on June 18th & 19th," etc. We do not think that this is evidence of the existence of such order. **It**

is rather the construction which the receiver may have placed upon an order of the court, and he may have believed that by selling on the 18th day of June he was complying with an order of the court directing him to sell on a day other than the 18th. For the reason that the record is entirely destitute of evidence on which to base this order, we must overrule it, and remand the matter to the lower court, when it is to be presumed that evidence can and will be produced which will justify the correction of the record to conform to the facts.

ORDER REVERSED.