HORACE C. AMOS ET AL., APPELLEES, V. FRED J. EICHEN-BERGER ET AL.: GILLINSKY FRUIT COMPANY, APPELLANT.

FILED JANUARY 13, 1922. No. 21857.

1. **Courts:** NUNC PRO TUNC ENTRY. "A court has the power at a subsequent term to amend or correct its records to conform to the facts, and may proceed upon any satisfactory evidence." *Ackerman v. Ackerman*, 61 Neb. 72.

2. **Appeal:** BILL OF EXCEPTIONS. "The evidence used in the district court, upon a hearing of a motion to correct an entry in the journal, must be preserved in a bill of exceptions, or it will not be considered in this court." *Miller v. Brown*, 1 Neb. (Unof.) 754.

3. ———: ———. In the absence of a bill of exceptions, this court will presume that the judge had before him competent evidence on which to base his findings sustaining the order complained of.

APPEAL from the district court for Kimball county: HANSON M. GRIMES, JUDGE. *Affirmed.*

*Beeler, Crosby & Baskins,* for appellant.

*Rodman & Rodman* and *Jefferis & Tunison, contra.*

Heard before LETTON, DEAN and ALDRICH, JJ., CLEMENTS (E. P.) and DILWORTH, District Judges.

CLEMENTS, District Judge.

This is an appeal from an order of Honorable H. M. Grimes, district judge, correcting notes made by him upon his docket at the close of a trial of this cause to a jury in the district court for Kimball county and directing the entry of a judgment herein *nunc pro tunc.* The defendant objected to the making of the order, a hearing was had, the objection overruled, and the order entered; the defendant excepted.

The appeal is brought here by the filing of a transcript. No bill of exceptions was prepared or settled. In the transcript are set out certain exhibits used as evidence upon the hearing, and the clerk in his certificate says

such exhibits and the proposed journal entry were all the evidence offered at the hearing.

It is well settled in this state that "A court has the power at a subsequent term to amend or correct its records to conform to the facts, and may proceed upon any satisfactory evidence." *Ackerman v. Ackerman,* 61 Neb. 72.

The question for this court to consider is, therefore, was the evidence taken at the hearing satisfactory and did it justify the order made? But this court cannot consider evidence not preserved in a properly authenticated bill of exceptions. "The evidence used in the district court, upon a hearing of a motion to correct an entry in the journal, must be preserved in a bill of exceptions, or it will not be considered in this court." *Miller v. Brown,* 1 Neb. (Unof.) 754. Also *Stuart v. Burcham,* 50 Neb. 823. In the absence of a bill of exceptions, this court will presume that the judge had before him competent evidence on which to base his findings sustaining the order complained of. *Van Etten v. Test,* 49 Neb. 725; *Prairie Life Ins. Co. v. Schumann,* 104 Neb. 363.

The judgment is

AFFIRMED.