In re Application of Middle Loup Public Power and Irrigation District. Middle Loup Public Power and Irrigation District, appellant, v. Loup River Public Power District et al., appellees.

32 N. W. 2d 874

Filed June 18, 1948. No. 32365.

C. A. Sorensen, for appellant.

Walter & Flory, Neighbors & Danielson, Blackledge & Sidner, Barlow Nye, Bert L. Overcash, Raymond P. Medlin, Charles Dobry, Carroll Thompson, M. J. Buckley, John E. Deming, Robert C. Brower, Kelley & Deming, and A. F. Alder, for appellees.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

SIMMONS, C. J.

This is a companion case to North Loup River Public Power and Irrigation District v. Loup River Public Power District, post p. 823, 32 N. W. 2d 869, released con-

currently herewith. It is submitted on the same bill of exceptions. The factual situation varies largely as to names, dates, and in part as to parties. The issue presented and determined is substantially the same.

Herein the Middle Loup Public Power and Irrigation District will be referred to as the irrigation district; the Loup River Public Power District as the power district; and the Department of Roads and Irrigation as the department. The companion case will be referred to as the North Loup case.

The factual situation in the two cases is substantially the same. These differences are noted. The application for water in behalf of the irrigation district was filed December 28, 1932, and given number 2293. A corrected application was filed September 13, 1933. The irrigation district filed the same objections that were filed in the North Loup case. A hearing was had on this application and the objections at the same time the hearing was had on the application and the objections in the North Loup case. The same stipulation and acceptance were made, except that the reference was to the Middle Loup River, to 45,000 acre-feet and a maximum rate of 300 second-feet. The grant of the appropriation of the power district, made on March 23, 1934, contained the provision that "The amount of the appropriation shall not exceed thirty-five hundred (3500) cubic feet per second of time, and shall not; (a) Prevent, curtail or limit the diversion of water from the Middle Loup River by the Middle Loup Public Power and Irrigation District for irrigation purposes to the extent of 45,000 acre feet per year at a maximum rate of 300 second feet, when and if its said project is approved by the Federal Emergency Administration of Public Works of the United States, or other Governmental authority, and when and if its pending application for water for irrigation is granted."

On September 25, 1936, the department granted the application of the irrigation district subject to the same

conditions as set out in the grant to the irrigation district in the North Loup case, with the exception of the reference to application 2293, and 300 cubic feet per second of time.

Here the irrigation district seeks a nunc pro tunc order correcting, modifying, and amending its permit so as to permit it to divert from the Middle Loup River, at the headgates of its canal, sufficient water to enable it to deliver one acre-foot of water for each acre irrigated. Objections were filed by numerous junior appropriators for irrigation purposes and by the power district.

It appears that at the time the irrigation district was being promoted it was anticipated that it would furnish water to 45,000 acres of land. At the time of the hearing herein there were about 12,000 acres actually under irrigation.

Under date of February 25, 1937, Mr. Tilley wrote a letter to the manager of the irrigation district of substantially the same import as the one of February 24, 1937, in the North Loup case. Under date of February 17, 1937, Mr. Willis wrote a letter to the manager of the irrigation district to the effect that its appropriation was governed by the conditions and limitations in the permit, and that it could divert up to three acre-feet in the twelve-month period. The letter of July 30, 1941, referred to in the North Loup case, applied likewise to the irrigation district here. There also is in evidence a letter to the attorney for the irrigation district from Mr. Willis, dated July 10, 1940, stating that the water user is entitled only to one acre-foot per acre on the land during the calendar year, but referring likewise to the limitations and conditions in the grant.

The law applicable and our conclusions in the North Loup case are applicable here. For the reasons there stated we affirm the determination of the department denying the application.

AFFIRMED.

YEAGER, J., dissenting.

In this case an opinion was written which was adopted by the majority of the court. In the case of In re Application of North Loup River Public Power and Irrigation District, *post* p. 823, 32 N. W. 2d 869, a case wherein identical issues and incidents were presented, but where there was a difference as to names, dates, amount of land, and in part as to parties, a much more exhaustive majority opinion was adopted. The opinion in the latter case has equal application in all particulars, except those mentioned, to the present case therefore what shall be said herein shall have equal application to both majority opinions and to the issues and questions involved, again except as to the particulars noted.

I must respectfully dissent from the majority opinion.

There was but one issue presented for determination in this proceeding and that was as to whether or not under the facts and circumstances the Department of Roads and Irrigation should be required to amend nunc pro tunc its Certificate of Approval of Application 2293 of the Middle Loup Public Power and Irrigation District, dated September 25, 1936, for diversion of water for irrigation for a contemplated maximum area of 45,000 acres of land.

I submit that the majority opinion decided this question contrary to well-established principles of law and the undisputed and uncontradicted evidence.

I submit also that the effect of this decision is to take away from many thousands of acres of fertile land the water necessary to make them productive, which water they once enjoyed, without even the allowance of an opportunity to litigate the question of whether or not the waters should be so taken away.

Further it is not too much to say in the light of the record in this case and matters of common knowledge in the State of Nebraska that if the majority opinion is allowed to become the law of this case its effect may well be to make of the works of this district and the prepa-

ration of lands therein for irrigation into which vast amounts of public and private funds have gone well nigh a total financial and economic loss, an end result of which will be to take from an all too famished world a goodly portion of much needed sustenance.

This ought not to be allowed to happen without the right to litigate the question of whether or not the lands of this district are entitled to the amount of water intended for them by the Department of Roads and Irrigation which intent is clearly shown by the record presented to this court for review.

This court should allow and require the Department of Roads and Irrigation to declare nunc pro tunc its clear intent and then leave to the courts under issues properly joined the question of whether or not its intention thus clearly expressed was a valid exercise of the powers and prerogatives of that department.

Since, as I believe, the majority opinions fail to portray the complete picture presented by the records and the briefs I deem it advisable and proper, in order that a comprehensive view may be had of all matters properly before the court, to carry what follows into very considerable detail.

This is an appeal by the Middle Loup Public Power and Irrigation District, a public corporation, from an order of the Department of Roads and Irrigation of the State of Nebraska refusing to interpret its original official order granting and defining and prescribing the appropriation of waters for irrigation out of the Middle Loup River for use in the irrigation district of the said corporation in conformity with what this corporation contended was its proper interpretation and intendment, and its refusal to amend its said original order or promulgate an interpretation thereof so as to include or make clear the contended for interpretation and intendment.

Instead of adopting the interpretation of this corporation it adopted a different one contended for by the Loup River Public Power District and others.

As pointed out the Middle Loup Public Power and Irrigation District is the moving party herein and the appellant. Others joined in support of its contentions. The Loup River Public Power District with others were objectors and are appellees here. Since rights ought not to be determined in this proceeding the identity of parties outside of the Middle Loup Public Power and Irrigation District and the Loup River Public Power District is not important and accordingly they will not be identified.

The order in question was signed and approved on September 25, 1936, and is the following:

"This is to certify that the foregoing application has been examined and is hereby granted subject to the following limitations and conditions:

"1st. The work of construction shall begin on or before March 25, 1937.

"2nd. The time for completing the work of construction shall extend to November 1, 1939.

"3rd. The time for completing the application of water to the beneficial use indicated shall extend to October 1, 1944.

"4th. The water appropriated shall be used for the purpose of irrigation.

"5th. The prior rights of the owners of land bordering on this stream, or through which this stream flows, to so much of the natural flow of this stream as is necessary for domestic uses, including stock water, must be respected.

"6th. The prior rights of all persons who, by compliance with the laws of the State of Nebraska, have acquired a right to the use of the waters in Water Division Number 2-A must not be interfered with by this appropriation, with the exception of Application 2287 for power, which by stipulation, is subsequent in priority to Application 2293.

"7th. The amount of the appropriation shall not exceed 300.00 cubic feet per second of time; neither

shall it exceed the capacity of said ditch or canal, nor the least amount of water that experience may hereafter indicate as necessary for the production of crops in the exercise of good husbandry; and, further, said appropriation, under any circumstances, shall be limited to one acre-foot for each acre of land to which water is actually and usefully applied on or before October 1, 1944.

"8th. The applicant shall file in the office of the Department of Roads and Irrigation on or before March 25, 1937, a map or plat, which map or plat shall be made to conform to the rules and regulations of the department. A failure to comply with this section shall work a forfeiture of this appropriation and all rights thereunder.

R. L. COCHRAN

Governor of Nebraska

DEPARTMENT OF ROADS AND IRRIGATION

A. C. TILLEY

State Engineer

"Approved September 25, 1936."

The interpretation contended for by the appellant was and is that the Department of Roads and Irrigation by the appropriation order intended that a maximum of one acre-foot for each acre of land to which water is actually and usefully applied was deliverable to the district in such manner as to permit the use of that amount of water on the land. This contention of course embodied the further contention that it was intended that a sufficient further amount of water, within statutory limits, should be released at the point of diversion to insure delivery of one acre-foot for each acre upon the land.

It is of course common knowledge of which the Department of Roads and Irrigation and the courts take notice that in the transportation of water for irrigation from the point of diversion to the area of use there is loss, the amount of which is dependent on distance,

temperature, character of soil through which it is transported, and other factors.

It appears well to interpolate here that no appropriation shall exceed three acre-feet in the aggregate during one calendar year for each acre of land for which an appropriation shall be made.  § 46-231, R. S. 1943.

The appellees contend that the Department of Roads and Irrigation by the order intended that the appropriation was for a maximum of one acre-foot for each acre of land to which water is actually and usefully applied, measured at the point of diversion.  This of course would give appellant for use upon the land only what was left over after loss from transportation.

A complete hearing was had before the Department of Roads and Irrigation and at the conclusion thereof an order was entered denying the request of the appellant for the interpretation it sought to have placed upon and the amendment it sought of the order granting the appropriation.

If we assume the propriety of the request of appellant for an interpretation and amendment of the order then we cannot, on the evidence, do other than conclude that the relief requested must be granted.  That the department intended that a maximum of one acre-foot should be delivered for use upon the land there can be but little, if any, question.  There is no evidence indicating a contrary intention unless it may be said that the order by its terms on its face does so.  The State Engineer gave testimony that it was the intention that one acre-foot might be delivered upon the land and that water not to exceed three feet might be released at the point of diversion to accomplish this purpose.  In 1937 by letter which is in evidence this same intendment was expressed.  All other witnesses who had a connection with this matter have placed this same interpretation upon the order and acted in accordance with that interpretation until they assumed that they were by opinions of this court (Loup River Public Power District v. North Loup

River Public Power and Irrigation District, 142 Neb. 141, 5 N. W. 2d 240, and Loup River Public Power District v. Middle Loup Public Power and Irrigation District, 142 Neb. 156, 5 N. W. 2d 249,) prevented from further so acting. Even the Loup River Public Power District appears to have accepted this interpretation and intendment and to have recognized its effectiveness, at least as late as September 1939. In a letter dated September 7, 1939, to H. C. James, Chief Engineer and General Manager of the Middle Loup Public Power and Irrigation District, Fred C. Albert, Supervising Engineer and Assistant General Manager of the Loup River Public Power District, wrote with particular reference to this subject, among other things, the following:

"As I interpret your water right, you are allowed to divert from the river one acre foot per year for each acre actually under irrigation, and at a maximum rate of one second foot for each 140 acres being served. Since the twelve inches of water is to be measured at the land, I believe we should come to some agreement on an average figure for canal losses in order to determine the quantity which must be diverted from the river in order to deliver the twelve inches of water to the land."

There is no word of evidence in this record indicating a claim for an interpretation other and different than the one contended for by the appellant prior to the commencement of action in Loup River Public Power District v. North Loup River Public Power and Irrigation District, *supra,* and Loup River Public Power District v. Middle Loup Public Power and Irrigation District, *supra.*

It is clear that, as contended by appellant, the Department of Roads and Irrigation by its order intended an appropriation of a maximum of one acre-foot of water for each acre of land not at the point of diversion but at the land. It appears that the Loup River Public Power District acquiesced in this intendment as late as September 7, 1939.

Of course the evidence of the intention herein discussed may not be considered or regarded as declaratory of or as containing the intent of the Department of Roads and Irrigation if the order itself clearly, completely, and unambiguously contains an expression of intent different from the one which the evidence other than the order itself clearly sustains. It is only in the case of ambiguity, uncertainty, or lack of clarity that it is permissible to show by extrinsic evidence the intent in the making and promulgation of an order by an administrative tribunal and for such body to amend its order to express the true purpose and intention at the time of making. 49 C. J. S., Judgments, § 237, p. 449; 42 Am. Jur., Public Administrative Law, § 174, p. 535.

The question which must be answered here is whether the following statement is so clear that the only interpretation of which it is capable is that placed upon it by the appellees or if it is also subject to the interpretation placed upon it by the appellant: "* * * said appropriation, under any circumstances, shall be limited to one acre-foot for each acre of land to which water is actually and usefully applied * * *."

On the one side, among other arguments, it is argued the department must have meant one acre-foot of water for each acre of land measured at the point of diversion since that is the only way that irrigators generally may have any reasonable assurance of benefits from irrigation.

On the other hand, likewise among other arguments, it is argued that by the terms of the order itself it was apparent that the department understood that this land required for profitable irrigation one acre-foot of water for use upon each acre of land and that it was the purpose of the order to respond to that need.

Attention is called to the arguments in order to point out that when each of them in its turn is analyzed in the light of statutory pronouncement, declared legal principle, proved facts, and known experience, it cannot be said that any of them is without convincing logic

or rationalism to one reasonable mind but not to another.

This being true how then can it be said that these words in and of themselves carry a purport, an effect, a meaning, clear, certain, and unambiguous? It must therefore be concluded that the order is not clear in its terms on its face and that extraneous information must be resorted to in order to ascertain the intendment of the Department of Roads and Irrigation in its making.

The Loup River Public Power District asserts in substance that there was no error in the refusal of the Department of Roads and Irrigation to grant the relief requested by appellant, in truth that it was barred from doing so by the opinion and decisions in Loup River Public Power District v. North Loup River Public Power and Irrigation District, *supra*, and Loup River Public Power District v. Middle Loup Public Power and Irrigation District, *supra*. It says substantially that the opinions and decisions in those cases are conclusive on the propositions that appellant under the order is limited to a maximum of one acre-foot of water for each acre of land measured at the point of diversion without any allowance for loss in transportation.

It is clear that the department in its decision herein accepted and was controlled by the interpretation placed upon those decisions by the Loup River Public Power District.

The interpretation thus placed upon the decisions and the acceptance thereof by the department were incorrect and without sound legal basis. The decisions in those cases were neither an interpretation of the appropriation order herein in question nor a determination of any substantial right thereunder.

The decisions in those cases were, and could have been, only that the petitions therein, wherein the Loup River Public Power District was seeking to have the Middle Loup Public Power and Irrigation District and the North Loup River Public Power and Irrigation District enjoined from taking more than one acre-foot of

water for each acre of land in their respective districts, were not vulnerable to a general demurrer, or in other words, that they stated a cause of action. The decision which was made is in the following words which appear in the opinion in Loup River Public Power District v. North Loup River Public Power and Irrigation District, *supra,* and refer to the petition: "In our opinion, it states a cause of action, and the trial court was in error in sustaining a general demurrer thereto." Nothing else could have been properly decided since that was the only matter before the court for determination and decision. 21 C. J. S., Courts, § 222, p. 408.

The decisions in those two cases left the substantial rights of the parties under the appropriation order in question judicially undetermined. It may be well to say here that the determination of the matters properly before this court at this time will also leave judicially undetermined the substantial rights of the parties under the appropriation.

Finally the appellees say that the relief requested herein may not be granted for the reason that the Department of Roads and Irrigation is without power to amend its order.

Of course if the application here is to have made what may be properly termed a judicial correction, change, or amendment it cannot be granted. The general rule is that after the term at which it was rendered, or of the statutory period of limitation, in cases governed by statute, a judgment is no longer open to amendment, revision, modification, or correction which involves the exercise of judgment or discretion of the court on the merits or on matters of substance. 49 C. J. S., Judgments, § 238, p. 451; Wilson v. City of Fergus Falls, 181 Minn. 329, 232 N. W. 322; Kroier v. Kroier, 95 Fla. 865, 116 So. 753; State ex rel Holtkamp v. Hartmann, 330 Mo. 386, 51 S. W. 22; Oregon Mortgage Co., Ltd., v. Kunneke, 76 Mont. 117, 245 P. 539; College Coal Mining Co. v. Smith, 160 Tenn. 93, 21 S. W. 2d 1038; Frost v.

District Court, 96 Utah 106, 83 P. 2d 737, rehearing denied, 96 Utah 115, 85 P. 2d 601.

This rule however does not obtain where the purpose is to correct or amend clerical or formal errors and misprisions so as to make the record entry speak the truth and show the judgment which was actually rendered by the court. 49 C. J. S., Judgments, § 237, p. 449; Hoagland v. Way, 35 Neb. 387, 53 N. W. 207; Wachsmuth v. Orient Ins. Co., 49 Neb. 590, 68 N. W. 935; Ackerman v. Ackerman, 61 Neb. 72, 84 N. W. 598; Phelps v. Wolff, 74 Neb. 44, 103 N. W. 1062; Calloway v. Doty, 108 Neb. 319, 188 N. W. 104.

What has been said up to this point with regard to corrections and amendments has had application to courts but the same general rules are applicable to administrative bodies, however, the opposite is true in some jurisdictions. The two lines of authority are referred to in 42 Am. Jur., Public Administrative Law, § 174, p. 535. I submit that the general rule is the better one and accordingly approved.

I conclude that the relief requested by appellant of the Department of Roads and Irrigation did not call for an exercise of judicial discretion but only to have the record entry speak the truth and show the appropriation order which was actually rendered by the department.

The Department of Roads and Irrigation erred in its refusal to amend its order of appropriation so that it would show the intent that the appellant was entitled to a maximum of one acre-foot of water delivered to each acre of land to which water was actually and usefully applied, if in the exercise of good husbandry the land in the district required that amount of water.

The judgment should be reversed and the cause remanded to the Department of Roads and Irrigation with directions to amend its order of September 25, 1936, nunc pro tunc as of that date to conform with the intendment of the department at that time.

PAINE, J., concurs in the dissent.