STATE OF NEBRASKA, APPELLEE, V.
DAMIAN J. MARSHALL, APPELLANT.

725 N.W.2d 834

Filed January 12, 2007.   No. S-06-494.

Brian S. Munnelly for appellant.

Jon Bruning, Attorney General, and James D. Smith for appellee.

HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

HEAVICAN, C.J.

## NATURE OF CASE

This is an appeal from the district court's denial of Damian J. Marshall's second motion for postconviction relief, without an evidentiary hearing. In 1996, after two mistrials, Marshall was convicted of second degree murder, attempted second degree murder, and two counts of using a firearm to commit a felony,

which convictions this court affirmed. *State v. Marshall,* 253 Neb. 676, 573 N.W.2d 406 (1998) *(Marshall I).* We also affirmed the district court's denial of Marshall's first postconviction motion. *State v. Marshall,* 269 Neb. 56, 690 N.W.2d 593 (2005) *(Marshall II).* In his second postconviction motion, Marshall claims ineffective assistance of counsel at his first trial and on direct appeal based on his trial counsel's failure to realize Marshall was entitled to 12 peremptory challenges.

## BACKGROUND

At Marshall's first trial, the district court called 24 prospective jurors for voir dire from the larger jury venire panel. Each party exercised six peremptory challenges, and the remaining 12 jurors and an alternate, chosen from 3 additional prospective jurors, were sworn. Marshall's attorney did not object to the number of prospective jurors or attempt to exercise more than 6 peremptory challenges, although Neb. Rev. Stat. § 29-2005 (Reissue 1995) provides that a person arraigned for a crime punishable by life imprisonment shall have 12 peremptory challenges. During trial, the court sustained the prosecutor's motion for a mistrial, which Marshall opposed, on the ground that one of the jurors was potentially biased. There was no discussion of using an alternate juror.

Before the second trial, Marshall filed a plea in bar, alleging that the mistrial was granted in error and that a second trial would therefore subject him to double jeopardy. The court did not immediately rule on the motion. During the second trial, another juror disclosed that he had formed an opinion about Marshall's guilt. Defense counsel did not object to the court's declaring a mistrial and had argued a mistrial was correct.

Before the third trial, Marshall orally asserted another plea in bar, and the district court overruled both this plea and the one filed before his second trial. Marshall's counsel did not appeal from this order. The jury returned verdicts of guilty.

Marshall was represented by different counsel on direct appeal. His appellate counsel did assign ineffective assistance of trial counsel, but not for his trial counsel's failure to appeal from the district court's order on the pleas in bar. This court determined it did not have jurisdiction to reach the double jeopardy

issue because Marshall had not appealed from the order denying the pleas in bar. See *Marshall I.*

Marshall proceeded pro se in his first postconviction motion, but was represented on appeal by counsel different from trial or appellate counsel. On appeal from the denial of his first post-conviction motion, this court affirmed the district court's conclusion that Marshall's claim of ineffective assistance regarding his trial counsel was procedurally barred because the claim could have been raised on direct appeal. Marshall's claim regarding his appellate counsel, however, was not barred, and whether his appellate counsel was ineffective in failing to assign as error his trial counsel's failure to appeal from the order denying the pleas in bar depended upon whether his trial counsel was ineffective in that failure. We rejected Marshall's argument that prejudice from the failure to appeal should be presumed, and determined that denials of potentially dispositive pretrial motions were analyzed under the two-prong test from *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Applying *State v. Meers*, 267 Neb. 27, 671 N.W.2d 234 (2003), we further determined that trial counsel's failure to appeal could be prejudicial only if an appeal would have resulted in a reversal and prevented Marshall's trial and convictions. See *Marshall II.*

We reasoned that where double jeopardy has attached but does not result in a final judgment, the prohibition against double jeopardy bars a retrial on the same charge only if the prior proceeding terminated jeopardy. We stated that jeopardy is not terminated if the State demonstrates a manifest necessity for a mistrial over the defendant's objection. Although the discovery of potential juror bias represented a manifest necessity for a mistrial, Marshall argued that a mistrial was unnecessary because the trial court should have seated an alternate juror. See Neb. Rev. Stat. § 29-2004 (Reissue 1995) (providing that if juror is discharged before final submission, court shall order alternative juror to replace discharged juror).

We agreed with the State, however, that the trial court's failure to afford Marshall 12 peremptory challenges in the first trial was structural error that would have warranted a reversal of a guilty verdict. We stated, "*The record reflects* that during the

jury selection that preceded the first mistrial, he received only six." (Emphasis supplied.) *Marshall II*, 269 Neb. at 68, 690 N.W.2d at 604. Because the first trial would have terminated due to a structural error regardless of the trial court's reasons for granting the mistrial, the mistrial did not terminate jeopardy to bar a retrial. The second mistrial did not terminate jeopardy because Marshall's trial counsel had argued it was necessary. Thus, Marshall's pleas in bar were without merit, and an appeal would not have prevented the third trial.

In his current motion, Marshall alleged that his trial counsel was ineffective at the first trial for failing to recognize that Marshall was entitled to 12 peremptory challenges, causing structural error, which was presumed to be prejudicial. Marshall also alleged that his appellate counsel was ineffective in failing to raise the issue on appeal, which would have led to a reversal. Finally, Marshall alleged that his claim should not be procedurally barred because he filed his first postconviction motion pro se and could not have been expected to understand the law more than his previous attorneys.

In its order, the district court stated:

> Here, [the State] correctly argues that once a motion for postconviction relief has been denied, any subsequent motion for such relief . . . may be dismissed unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the prior motion was filed. [Marshall's] counsel argues that [Marshall] was pro se in [his] first postconviction proceeding and he should not be held to have known of the preemptory challenge issue when even his trial and appellate counsel had not recognized this issue, and the first time [Marshall] could realistically have known of this issue was after [the] Nebraska Supreme Court pointed it out in [its] Order in his first postconviction proceeding.
>
> *While the Court agrees that the State's position is correct*, the Court will nonetheless address the issue raised by [Marshall].

(Emphasis supplied.)

In addition to agreeing with the State that Marshall's claim was available at the time his first motion was filed, the district

court concluded that Marshall could not show he was prejudiced by his trial counsel's failure to object to the number of potential jurors at the first trial.

Marshall's main argument was that his trial counsel's deficient conduct caused a structural error that prevented his double jeopardy claims from being heard. The district court characterized the argument as follows: "[I]f his trial counsel had properly used all 12 peremptory challenges, the first mistrial may have created a successful argument of double jeopardy on appeal or in his postconviction proceeding."

In response, the district court stated that Marshall had not been convicted at the first trial and that even if he had been convicted, this court had indicated in *Marshall II* that any conviction would have been reversed for structural error. Second, the court concluded that an appeal claiming trial counsel was deficient for failing to assert Marshall's right to more peremptory challenges would have resulted in a new trial, which Marshall in fact received.

## ASSIGNMENT OF ERROR

Marshall assigns that the district court erred in denying his motion for postconviction relief.

## STANDARD OF REVIEW

■ Whether a claim raised in a postconviction proceeding is procedurally barred is a question of law. When reviewing a question of law, an appellate court reaches a conclusion independent of the lower court's ruling. *Marshall II.*

## ANALYSIS

The State argues that Marshall is procedurally barred from asserting this claim because he has failed to allege any newly discovered facts or allege any claim that could not have been raised in his first postconviction proceeding. In his reply brief, Marshall argues that he should not be held to the standard of an attorney for failing to raise this claim in his first postconviction proceeding.

■ The Nebraska Postconviction Act, Neb. Rev. Stat. § 29-3001 et seq. (Reissue 1995), is available to a defendant to show that his or her conviction was obtained in violation of his or her constitutional rights. See *State v. Hudson*, 270 Neb.

752, 708 N.W.2d 602 (2005). However, the need for finality in the criminal process requires that a defendant bring all claims for relief at the first opportunity. *State v. Dandridge*, 264 Neb. 707, 651 N.W.2d 567 (2002). An appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion. *State v. Ortiz*, 266 Neb. 959, 670 N.W.2d 788 (2003).

■ The State correctly points out this court held in *State v. Parmar*, 263 Neb. 213, 639 N.W.2d 105 (2002), that a movant's subsequent postconviction claims are barred by his or her failure to raise available claims in a previous postconviction motion, even if the movant acted pro se in the first proceeding. We concluded in *Parmar* that the movant failed to show that his asserted grounds for relief in his subsequent motion were not available in the previous proceeding. The disposition of the first proceeding therefore constituted a procedural bar to his motion. We stated:

> Although [the movant] argues that he appeared pro se in the [first] postconviction proceeding, this is of no avail because . . . there is no absolute requirement of appointment of counsel in postconviction cases, and the defendant has the right of self-representation. A pro se party is held to the same standards as one who is represented by counsel.

263 Neb. at 221-22, 639 N.W.2d at 112.

■ As in *Parmar*, the record from Marshall's first postconviction appeal shows that he filed his motion pro se. Where cases are interwoven and interdependent and the controversy involved has already been considered and decided by the court in a former proceeding involving one of the parties now before it, the court has the right to examine its own records and take judicial notice of its own proceedings and judgments in the former action. *Parmar, supra.* Because Marshall is held to the same standard as one who is represented by counsel, the disposition of his first postconviction motion acts as a procedural bar to any claim that could have been raised in that motion. See *id.*

In his current motion, Marshall admits that "[a]ppellant counsel had before him a record which 'reflected structur[al] error . . . .'" Indeed, this court concluded in *Marshall II* that the record

reflected structural error. Thus, all the facts necessary to raise this claim were available to Marshall when he filed his first postconviction motion, and the claim is now procedurally barred.

## CONCLUSION

Marshall's postconviction claim is procedurally barred because it could have been raised in his first postconviction proceeding. His self-representation in the first proceeding does not affect that result because he is held to the same standard as a postconviction movant represented by counsel.

AFFIRMED.