761 N.W.2d 527 (2009)
277 Neb. 192
STATE of Nebraska, appellee,
v.
Michael J. SIMS, appellant.
No. S-08-432.
Supreme Court of Nebraska.
February 20, 2009.
*530 Michael J. Sims, pro se.
Jon Bruning, Attorney General, and George R. Love, Columbus, for appellee.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
MILLER-LERMAN, J.

NATURE OF THE CASE
This case involves appeals by Michael J. Sims from two different rulings which we have combined in one opinion. The first ruling pertains to Sims' second motion for postconviction relief. The second ruling pertains to a sentence-related motion for an order nunc pro tunc which Sims filed in his original criminal case.
With respect to the second postconviction motion, the district court for Douglas County denied Sims' motion to alter or amend the district court's judgment which had denied his second motion for postconviction relief. After a jury trial, Sims was found guilty of the charges in a four-count information: count I, murder in the first degree; count II, use of a deadly weapon to commit a felony; count III, attempted murder in the first degree; and count IV, use of a deadly weapon to commit a felony. This court affirmed the convictions in State v. Sims, 258 Neb. 357, 603 N.W.2d 431 (1999) (Sims I). This court also affirmed the denial of Sims' first postconviction motion in State v. Sims, 272 Neb. 811, 725 N.W.2d 175 (2006) (Sims II). In his second postconviction motion, Sims claims that he received ineffective assistance of counsel at trial and on appeal and that there was insufficient evidence to convict him.
In a separate motion filed in district court in the original criminal case, Sims asked the district court for an order nunc pro tunc to correct a discrepancy between the sentence that was orally pronounced on count III, attempted murder, and the written sentence on count III in a journal entry titled "Judgment and Sentence."
The district court denied both motions. Sims appeals each of these rulings. We affirm the denial of relief related to Sims' second postconviction motion, reverse the order denying his motion for an order nunc pro tunc, and remand with directions.

STATEMENT OF FACTS
After a jury trial, Sims was found guilty of murder in the first degree, attempted murder in the first degree, and two counts of use of a deadly weapon to commit a felony. On November 24, 1998, the district court for Douglas County pronounced Sims' sentences as life in prison for count I, murder; 10 to 12 years in prison for count II, use of a deadly weapon to commit a felony; 10 to 25 years in prison for count III, attempted murder; and 10 to 12 years in prison for count IV, use of a deadly weapon to commit a felony. However, the written journal entry titled "Judgment and Sentence" states that with respect to count III, attempted murder, Sims was sentenced to 20 to 25 years in prison, rather than 10 to 25 years as had been orally pronounced.
Sims appealed his convictions and sentences to this court. On direct appeal in Sims I, Sims argued that the evidence was insufficient to sustain his convictions, that the trial court erred in not granting his motion for a new trial, and that it was plain error for the trial court not to instruct the jury on self-defense or on uncorroborated accomplice testimony. *531 Sims also argued that he received ineffective assistance of trial counsel based on his trial counsel's failure to (1) move for discharge due to alleged violations of his right to speedy trial under state statutes and the state and federal Constitutions, (2) request a jury instruction regarding uncorroborated accomplice testimony, and (3) request a jury instruction on the issue of self-defense. On direct appeal, Sims' counsel was different from his trial counsel.
In Sims I, this court determined that the record afforded an insufficient basis upon which to resolve Sims' claims of ineffective assistance of trial counsel and declined to review the issue on direct appeal. On the remaining claims, the court affirmed Sims' sentences and convictions.
After this court's disposition in Sims I, Sims filed a verified motion for postconviction relief alleging claims of ineffective assistance of counsel. After holding an evidentiary hearing on Sims' claims, the district court denied Sims' motion, concluding that Sims failed to show that his counsel's performance was constitutionally deficient.
In Sims II, Sims appealed the district court's denial of his first motion for postconviction relief to this court, and on postconviction appeal, Sims claimed that his trial counsel was ineffective for (1) failure to file a motion for discharge on statutory and constitutional speedy trial grounds and (2) failure to assert an objection under Doyle v. Ohio, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976). He also claimed as error the failure of the postconviction trial judge to recuse himself. In Sims II, Sims did not argue a claim of ineffective assistance of appellate counsel on direct appeal. In Sims II, this court upheld the district court's denial of Sims' first motion for postconviction relief.
On April 2, 2007, Sims filed a petition for a writ of habeas corpus in the U.S. District Court for the District of Nebraska. Sims v. Houston, 562 F.Supp.2d 1066 (D.Neb. 2008). In his petition, Sims argued that he received ineffective assistance of trial and appellate counsel. Id. On May 21, 2008, the federal district court entered an order denying Sims' petition, finding that with the exception of his ineffective assistance of counsel claims based on his right to speedy trial, all of his claims were procedurally defaulted because he did not exhaust his remedies in state court prior to bringing the claims in his federal habeas action. Id. Furthermore, with respect to the speedy trial claim, the federal district court concluded that Sims' trial counsel was not ineffective for seeking additional time to prepare. Id.
On June 29, 2007, Sims filed a second motion for postconviction relief in the district court for Douglas County. That motion alleges that Sims' trial counsel was ineffective on the following grounds, which we quote:
[C]ounsel: (1) failed to object, motion to strike, motion for mistrial, request curative instruction and preserve for appellate review that trial court committed plain error by reading instructions to jury prior to final argument; (2) failed to object, motion to strike, motion for mistrial, request curative instruction and preserve for appellate review prosecutor's variance to alternative theory that [Sims] assisted perpetrator of crime of Murder in the First Degree; (3) failed to object, motion to strike, request curative instruction and preserve for appellate review failure to give adequate notice of alternative theory that [Sims] only assisted perpetrator of crime of Murder in the First Degree; (4) failed to object, request proper instruction, and preserve for appellate review request that Instruction 5 instruct only as *532 to what [Sims] was given adequate notice to defend against; (5) failed to object, request correct instruction, and preserve for appellate review request that Jury Instruction 5 properly instruct on alternative theory of aiding and abetting; (6) failed to object, request correct instruction, and preserve for appellate review request that Jury Instructions 5, 6, 7, and 8 include material elements of aiding and abetting; (7) failed to object, request correct instruction, and preserve for appellate review request that Jury Instruction 14 include Intent is required to be an aider and abettor; (8) failed to object, request correct instruction, and preserve for appellate review request that Jury Instruction 14 include that Intent must be found beyond a reasonable doubt; (9) failed to object and preserve for appellate review request Jury Instruction and definition on Self-Defense; (10) failed to object and preserve for appellate review request Jury Instruction on Uncorroborated Accomplice testimony; (11) failed to object and preserve for appellate review request Verdict Form to allow Jury to distinguish theory on which [it] found guilt.
Sims also argued that his appellate counsel, who was different from his trial counsel, was ineffective on direct appeal for failing to raise these same and similar issues and that there was insufficient evidence presented at trial to convict him.
On March 21, 2007, in a separate filing filed in Sims' original criminal case, Sims filed a motion for an order nunc pro tunc asking the district court to correct the discrepancy between the sentence of 10 to 25 years in prison for count III, attempted murder, that was orally pronounced at sentencing and the written journal entry that stated Sims was sentenced to 20 to 25 years in prison on count III.
With respect to Sims' second motion for postconviction relief, after conducting an evidentiary hearing, the district court overruled the motion on November 8, 2007, finding that all the issues raised by Sims were known to him at the time he filed his first motion for postconviction relief and that he was therefore procedurally barred from raising these claims in a second motion for postconviction relief. On November 15, Sims filed a motion to alter or amend the district court's judgment, and the district court denied the motion on April 9, 2008.
With respect to Sims' motion for an order nunc pro tunc, after holding a hearing, the district court denied the motion on April 9, 2008, stating only that "[t]he Court having reviewed the pleadings and arguments finds that [Sims'] Motion for an Order Nunc Pro Tunc is hereby denied."
Sims appeals from these two separate orders.

ASSIGNMENTS OF ERROR
Sims assigns as error, rephrased and summarized, that (1) the district court erred by denying his motion to alter or amend the judgment which had denied his second motion for postconviction relief and (2) the district court erred by denying his motion for an order nunc pro tunc.

STANDARDS OF REVIEW
[1, 2] Whether a claim raised in a postconviction proceeding is procedurally barred is a question of law. When reviewing a question of law, an appellate court reaches a conclusion independent of the lower court's ruling. State v. Marshall, 272 Neb. 924, 725 N.W.2d 834 (2007); State v. Schnabel, 260 Neb. 618, 618 N.W.2d 699 (2000).

*533 ANALYSIS

Sims' Successive Motion for Postconviction Relief Is Procedurally Barred.
[3] The first aspect of the appeal before us pertains to the denial of Sims' motion to alter or amend the judgment denying postconviction relief. We have previously determined that a motion to alter or amend a postconviction judgment is an appropriate motion, that the filing of the motion terminates the time for filing a notice of appeal under Neb.Rev.Stat. § 25-1912(3) (Reissue 2008), and that a new period of 30 days for filing a notice of appeal commences when the motion is ordered dismissed. State v. Bao, 269 Neb. 127, 690 N.W.2d 618 (2005).
[4-6] The Nebraska Postconviction Act, Neb.Rev.Stat. § 29-3001 et seq. (Reissue 2008), is available to a defendant to show that his or her conviction was obtained in violation of his or her constitutional rights. State v. Marshall, supra. However, the need for finality in the criminal process requires that a defendant bring all claims for relief at the first opportunity. Id. Therefore, an appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion. Id.
In the instant case, the allegations in Sims' second motion for postconviction relief involve ineffective assistance of counsel claims against his trial and appellate counsel as well as Sims' claim that there was insufficient evidence to convict him. Sims previously raised, and this court rejected on direct appeal, Sims' claim that there was insufficient evidence to convict him. Further, Sims' claims of ineffective assistance of counsel were known or knowable to Sims at the time of his direct appeal and his first motion for postconviction relief. Sims attempts to excuse his failure to raise his ineffective assistance of counsel claims in his prior postconviction motion by arguing that his postconviction counsel was ineffective for failing to raise these claims. However, we have held that there is no constitutional guarantee to effective assistance of counsel in a postconviction action, and therefore, Sims' claim of ineffective assistance of postconviction counsel is unavailing. State v. Deckard, 272 Neb. 410, 722 N.W.2d 55 (2006).
Sims further attempts to excuse his failure to raise the ineffective assistance of counsel claims in his first postconviction motion by arguing that he could not raise the claims in his first motion because he is not trained in the law. We have addressed a similar claim in State v. Parmar, 263 Neb. 213, 221-22, 639 N.W.2d 105, 112 (2002), stating:
Although [the movant] argues that he appeared pro se in the [first] postconviction proceeding, this is of no avail because ... there is no absolute requirement of appointment of counsel in postconviction cases, and the defendant has the right of self-representation. A pro se party is held to the same standards as one who is represented by counsel.
Therefore, Sims' attempts to excuse his failure to raise his ineffective assistance of counsel claims in his previous motion are without merit. These claims were known or knowable to Sims in the previous proceedings, and he had an opportunity to raise them and failed to do so. Because Sims has not affirmatively shown on the face of his motion that the grounds for relief raised in his second motion for postconviction relief could not have been asserted at the time he filed his prior motion, his claims were properly rejected by the district court and the denial of his motion *534 to alter or amend the judgment on this basis is affirmed.

The District Court Erred by Denying Sims' Motion for an Order Nunc Pro Tunc.
[7] The second aspect of the appeal before us pertains to the district court's denial of Sims' motion for an order nunc pro tunc. In that motion, Sims asked the district court to correct a discrepancy between the sentence orally pronounced at sentencing and the sentence written in the journal entry. At sentencing, the district court orally sentenced Sims on count III, attempted murder, to 10 to 25 years in prison, whereas the written journal entry states that Sims was sentenced to 20 to 25 years in prison for count III. The State acknowledges that there is a discrepancy between the orally pronounced sentence and the written journal entry. We agree with Sims that his motion for an order nunc pro tunc should have been granted, and we reverse, and remand with directions.
In addressing Sims' motion for an order nunc pro tunc, the district court denied the motion without discussing its reasoning. We note, however, that a review of the bill of exceptions from the hearing on the motion for an order nunc pro tunc reveals that the district court's main issue with the motion was the court's concern that the motion may not have been timely, because Sims filed the motion in his criminal case after the completion of his direct appeal. After expressing this concern, the district court went on to state, "[A]s a practical matter, I don't see that it makes a difference, and I wouldn't object to making the change if after I reviewed the documents I believe that your argument was correct."
[8] The parties agree, and the record shows, that a sentencing error occurred. A court has inherent power in a criminal case to correct its records to reflect the "truth," nunc pro tunc. State v. Kortum, 176 Neb. 108, 110, 125 N.W.2d 196, 199 (1963). Neb.Rev.Stat. § 25-2001(3) (Reissue 2008) states that "[c]lerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court by an order nunc pro tunc at any time on the court's initiative or on the motion of any party...." We have previously explained:
[T]he office of an order nunc pro tunc is to correct a record which has been made so that it will truly record the action had, which through inadvertence or mistake was not truly recorded. It is not the function of an order nunc pro tunc to change or revise a judgment or order, or to set aside a judgment actually rendered, or to render an order different from the one actually rendered, even though such order was not the order intended.
Continental Oil Co. v. Harris, 214 Neb. 422, 424, 333 N.W.2d 921, 923 (1983).
[9] We have applied the nunc pro tunc procedure in sentencing cases. See, State v. Kortum, supra; State v. Ziemann, 14 Neb.App. 117, 130, 705 N.W.2d 59, 70 (2005) (citing Kortum for the proposition that "[i]t is clear that a criminal sentence can be corrected by an order nunc pro tunc"). This court has also held that the general rule that a judgment is no longer open to amendment, revision, modification, or correction after the term at which it was rendered does not apply where the purpose is to correct or amend clerical or formal errors so as to make the record entry speak the truth and show the judgment which was actually rendered by the court. Middle Loup P.P. & I.D. v. Loup River P.P.D., 149 Neb. 810, 32 N.W.2d 874 (1948) (Yeager, J., dissenting; Paine, J., joins). The district court's concern regarding *535 the timeliness of Sims' motion was not warranted.
[10-12] When determining if the sentencing error in this case should be corrected by an order nunc pro tunc, it is necessary to determine which sentence is legally enforceable. We have held that when the sentence orally pronounced at sentencing differs from a later written sentence, the former prevails. See State v. Schnabel, 260 Neb. 618, 618 N.W.2d 699 (2000). In Schnabel, we explained that a sentence validly imposed takes effect from the time it is pronounced. When a valid sentence has been put into execution, the trial court cannot modify, amend, or revise it in any way, either during or after the term or session of court at which the sentence was imposed. Id. Any attempt to do so is of no effect, and the original sentence remains in force. Id. Therefore, in this case, the sentence on count III, orally pronounced as 10 to 25 years in prison, was within the statutory range and was valid at the time it was pronounced, and the written journal entry stating that Sims was sentenced to 20 to 25 years in prison on count III was erroneous and of no legal effect.
Looking at the record before this court, it appears that the erroneous written sentence was the result of a clerical mistake that occurred when the journal entry was created. The correction of the journal entry would not revise or alter a judgment entered; rather, it would correct the record to accurately state the judgment entered.
The State does not clearly object to this court's acting to correct the sentence. However, the State argues that because Sims was sentenced to life in prison for his conviction on count I, the first degree murder charge, any error in the duration of his sentence for the conviction on count III, attempted murder, is of no consequence. In this regard, we note that we are aware that Sims has received a life sentence on count I. However, it is possible that the Nebraska Board of Pardons could commute the life sentence on count I to a term of years, in which case the sentence on count III could become relevant. See State v. Marrs, 272 Neb. 573, 723 N.W.2d 499 (2006) (discussing statutory authority for commuting sentences). We are not persuaded by the State's argument.
[13] It is important to note that the "purpose of [an order nunc pro tunc] is to correct the record which has been made, so that it will truly record the action really had, but which through some inadvertence or mistake has not been truly recorded." Calloway v. Doty, 108 Neb. 319, 322, 188 N.W. 104, 105 (1922). Therefore, even if correcting the erroneous journal entry proves to have no practical effect, it ensures the integrity of the system and the accuracy of the record of the court.
Given the discrepancy between the orally pronounced sentence on count III and the written entry relating thereto, we conclude that the orally pronounced sentence is controlling and that Sims' motion for an order nunc pro tunc correcting the erroneous written entry should have been granted. The district court's denial should be and is hereby reversed, and the cause is remanded with directions to correct the written entry.

CONCLUSION
The district court did not err when it determined that Sims' second motion for postconviction relief was procedurally barred. We therefore affirm the district court's denial of Sims' motion to alter or amend the judgment on this basis. The district court did err by denying Sims' separate motion for an order nunc pro tunc filed in his original criminal case, *536 because the sentencing term for the conviction on count III, attempted murder, set forth in the written journal entry titled "Judgment and Sentence," was inconsistent with the sentence orally pronounced by the district court. The ruling denying Sims' motion for an order nunc pro tunc is reversed. The cause is remanded to the district court with directions to the district court to enter an order nunc pro tunc directing the clerk of the court to correct the journal entry to state a sentence on count III of 10 to 25 years in prison that is consistent with the sentence orally pronounced on November 24, 1998.
AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED WITH DIRECTIONS.