IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. UEDING-NICKEL

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

CARL UEDING-NICKEL, APPELLANT.

Filed October 23, 2018.    No. A-17-732.

Appeal from the District Court for Douglas County: GREGORY M. SCHATZ, Judge. Affirmed.

Zachary S. Hindman, of Mayne, Arneson, Hindman, Hisey & Daane, for appellant.

Douglas J. Peterson, Attorney General, and Erin E. Tangeman for appellee.

PIRTLE, RIEDMANN, and WELCH, Judges.

PIRTLE, Judge.

## INTRODUCTION

Carl Ueding-Nickel appeals the order of the district court for Douglas County which overruled his motion for postconviction relief without an evidentiary hearing and without appointing counsel. He claims the district court erred when it denied his motions for an evidentiary hearing and appointment of counsel and when it denied his motion for postconviction relief. For the reasons that follow, we affirm the district court's order.

## BACKGROUND

On January 24, 2014, Ueding-Nickel was charged by information with one count of sexual assault on a child in the first degree, a Class IB felony; one count of sexual assault on a child in the third degree, a Class IIIA felony; one count of visual depiction of sexually explicit conduct of

- 1 -

a child while defendant is 19 years of age or older, a Class ID felony; and one count of tampering with physical evidence, a Class IV felony.

Ueding-Nickel was provided a court appointed attorney. Ueding-Nickel brought a motion to suppress his statements to the police on the basis of his alleged intoxication and mental health. The motion to suppress was denied by the district court on July 25, 2014. On October 22, Ueding-Nickel's counsel filed a motion to withdraw as attorney of record, which motion was granted by the district court.

Ueding-Nickel was subsequently appointed new counsel. Pursuant to a plea agreement Ueding-Nickel agreed to a stipulated bench trial in exchange for the state dropping all but the first count of sexual assault of a child. Ueding-Nickel was found guilty of sexual assault on a child in the first degree and was sentenced to a term of 50 to 60 years' imprisonment.

Ueding-Nickel filed a timely appeal regarding his conviction and was represented by counsel on appeal. Ueding-Nickel challenged the denial of his motion to suppress statements he gave to police following his arrest and the length of his sentence. See *State v. Ueding-Nickel*, No. A-15-210, 2015 WL 7456006 (Neb. App. Nov. 24, 2015) (selected for posting to court website). His primary argument as to the motion to suppress was that his statement was not voluntary as it was the "'product of both his mental health and his extreme level of intoxication.'" *Id.* at *3. This court determined that the district court properly denied the motion to suppress and that the length of Ueding-Nickel's sentence was not excessive. In reaching this conclusion, this court reviewed the evidence and found that Officer Worley was a credible witness, and that the video of Ueding-Nickel showed that he did not appear to be intoxicated or under the influence of drugs or alcohol.

Ueding-Nickel subsequently filed a timely motion for postconviction relief along with motions for appointment of counsel and for an evidentiary hearing all on August 15, 2016. The motion for postconviction relief was premised on ineffective assistance of counsel for both of Ueding-Nickel's trial counsel and his appellate counsel.

The district court issued an order on June 19, 2017, determining that Ueding-Nickel had failed to demonstrate that any of the allegations would have changed the outcome of the conviction and that he failed to show that he would had been prejudiced by any alleged ineffective assistance of his attorneys. In the same order the district court denied the motion for an evidentiary hearing and motion for appointment of counsel.

Ueding-Nickel appeals from the June 19, 2017, order.

For a detailed recitation of the underlying facts see *State v. Ueding-Nickel, supra*.

## ASSIGNMENTS OF ERROR

Ueding-Nickel asserts the district court erred in denying his motion for postconviction relief by determining that the claims were procedurally barred. Ueding-Nickel further asserts that the district court erred in denying his motions for an evidentiary hearing and appointment of counsel on the basis that he created justiciable claims of ineffective assistance of his trial counsel.

STANDARD OF REVIEW

A defendant requesting postconviction relief must establish the basis for such relief, and the findings of the trial court will not be disturbed unless they are clearly erroneous. *State v. Vo*, 279 Neb. 964, 783 N.W.2d 416 (2010).

To establish a right to postconviction relief based on a claim of ineffective assistance of counsel, a defendant has the burden to show that counsel's performance was deficient and that counsel's deficient performance prejudiced the defense in his or her case. *Id.*

Failure to appoint counsel in postconviction proceedings is not error in the absence of an abuse of discretion. *State v. McGhee*, 280 Neb. 558, 787 N.W.2d 700 (2010).

ANALYSIS

We first note that Ueding-Nickel does not assign error to the district court's determination that his appellate counsel was not ineffective. To be considered by an appellate court, an alleged error must be both specifically assigned on appeal and specifically argued in the appellate brief of the party assigning the error. *Heitzman v. Thompson*, 270 Neb. 600, 705 N.W.2d 426 (2005). As such, the court will not address the performance of the appellate counsel.

*Motion for Postconviction Relief.*

Ueding-Nickel alleges that the district court improperly denied his motion for postconviction relief as being procedurally barred. Whether a claim raised in a motion for postconviction relief is procedurally barred is a question of law. *State v. Sims*, 277 Neb. 192, 761 N.W.2d 527 (2009).

In its order, the district court noted the procedural history of the case and that Ueding-Nickel had previously appealed the denial of his motion to suppress on the basis of intoxication and mental incapacity and that it was affirmed by this court. The district court then stated, "[a]s such, [Ueding-Nickel] is procedurally barred from raising those issues in his motion for postconviction relief." This statement does not relate to the district court's determination of the allegations of ineffective assistance of counsel. It is merely a statement as to what issues could not be considered in the postconviction relief motion. The court continued after this statement of the procedural posture of the case to make determinations specifically relating to Ueding-Nickel's claims regarding ineffective assistance of counsel. Therefore, we find this assignment of error without merit.

*Motions for Evidentiary Hearing and Appointment of Counsel.*

Ueding-Nickel alleges that the district court erred in denying his motions for an evidentiary hearing and appointment of counsel on the basis that he pled a justiciable claim of ineffective assistance of his trial counsel based on six areas where he alleged his trial counsel was ineffective.

An evidentiary hearing for postconviction relief must be granted when the motion contains factual allegations which, if proved, constitute an infringement of the movant's rights. *State v. McGhee, supra*. However, postconviction relief without an evidentiary hearing is properly denied when the files and records affirmatively show that the prisoner is entitled to no relief. *State v. Boppre*, 280 Neb. 774, 790 N.W.2d 417 (2010).

In the absence of a showing of an abuse of discretion, the failure to provide court-appointed counsel in postconviction proceedings is not error. *State v. Mata*, 280 Neb. 849, 790 N.W.2d 716 (2010). When the assigned errors in a postconviction petition before a district court contain no justiciable issues of fact or law, it is not an abuse of discretion to fail to appoint counsel for an indigent defendant. *State v. McLeod*, 274 Neb. 566, 741 N.W.2d 664 (2007).

Ueding-Nickel first claims that his trial attorneys were deficient in their presentation of evidence as to Ueding-Nickel's allegation that his post-*Miranda* statements were involuntary due to his intoxication. Ueding-Nickel recites a variety of factual allegations to support this claim, the majority of which were in the record that was reviewed by this court on direct appeal. As such evidence was previously reviewed and affirmed by this court as to Ueding-Nickel's post-*Miranda* statements, there can be no justiciable claim as to ineffective assistance of counsel as there can be no prejudice. See *State v. Robertson*, 294 Neb. 29, 881 N.W.2d 864 (2016). The only new factual allegations that were presented by Ueding-Nickel as to this point, were the detox reports from his initial incarceration. Ueding-Nickel alleges these documents along with the fact that he was placed in a detox unit at the Douglas County Department of Corrections' facility demonstrate that he was severely intoxicated at the time of his post-*Miranda* statements. However, on their face these documents do not establish that Ueding-Nickel was intoxicated at the time, only that due to his substance abuse he was at risk for suffering substance withdrawal which was treated by the staff. Therefore, Ueding-Nickel has not presented a justiciable claim as to his post-*Miranda* statements on the basis of intoxication.

Ueding-Nickel's second claim is that his trial attorneys were deficient in their presentation of evidence as to Ueding-Nickel's allegation that his post-*Miranda* statements were involuntary due to his mental illnesses. Like Ueding-Nickel's prior allegation, this claim rests on facts that were already in the record of the direct appeal. Ueding-Nickel primarily points to a letter dated December 11, 1996, from psychiatrist D.A. Swanson, M.D., which notes a number of disorders that Ueding-Nickel was receiving treatment for. In considering whether a statement was made voluntarily, the totality of the circumstances must be considered. *State v. Erks*, 214 Neb. 302, 333 N.W.2d 776 (1983). However, we cannot find that a nearly 20-year-old letter, without additional evidence that Ueding-Nickel was suffering these disorders at the time of his statements, would have any impact on the totality of the circumstances surrounding his statements. As such, there was no prejudice in Ueding-Nickel's trial counsel failing to present this evidence on the motion to suppress. Therefore, Ueding-Nickel has not presented a justiciable claim as to his post-*Miranda* statements on the basis of mental illness.

Ueding-Nickel's third claim is that his trial attorneys were deficient in their presentation of evidence as to Ueding-Nickel's allegation that his post-*Miranda* statements were involuntary due to coercion by law enforcement. He alleges that this occurred when he was allowed to go to the restroom while he was being held prior to his questioning. During this time, Ueding-Nickel alleges he was approached by an unknown officer who suggested that he would receive favorable treatment if he admitted the alleged crimes. This alleged encounter was not captured in the video of the interview room. The first time this allegation appears in the record is in Ueding-Nickel's motion for postconviction relief. In addition, Ueding-Nickel does not allege that he informed either of his trial attorneys of this encounter. We cannot find that either of the trial attorneys were

deficient in failing to investigate an incident which they had no knowledge of. Therefore, Ueding-Nickel has not presented a justiciable claim as to the deficiency of his trial attorneys in investigating and objecting to his post-*Miranda* statements on the basis of coercion by law enforcement.

Ueding-Nickel's fourth claim is that his trial attorneys were deficient in their investigation and presentation of exculpatory evidence. The majority of these allegations were already present in the record and were reviewed by this court on direct appeal. Ueding-Nickel alleges there were additional witnesses that could have been called to provide exculpatory testimony. However, none of the suggested testimony relates to his statements to law enforcement in which he admitted the crime he was ultimately convicted of. Thus, there is no prejudice as to this allegation as the inclusion of this evidence would not have impacted the outcome, whether taken individually or collectively. Therefore, Ueding-Nickel has not presented a justiciable claim as to the investigation and presentation of exculpatory evidence.

Ueding-Nickel's fifth claim is that his trial attorneys were deficient in both the performance in litigating the motion to suppress and in investigating the exculpatory evidence, either individually or cumulatively. This claim is essentially a repetition of Ueding-Nickel's earlier claims and therefore does not present a justiciable issue.

Ueding-Nickel's final claim is that his trial attorneys were deficient in ensuring Ueding-Nickel was competent for trial. This allegation presents no additional facts beyond what was already in the record. Thus, the court finds that there was no prejudice to Ueding-Nickel as the earlier evidence was already a part of the record for consideration by both the district court and this court. Therefore, Ueding-Nickel has not presented a justiciable claim as to his competency.

As Ueding-Nickel has failed to present any justiciable issues in his motion for postconviction relief, we find that the district court properly denied the motion for an evidentiary hearing as Ueding-Nickel was not entitled to relief. Further, we find that the district court did not abuse its discretion in denying his motion for appointment of counsel as he did not present any justiciable claims.

CONCLUSION

We conclude the district court did not err in denying Ueding-Nickel's request for postconviction relief, an evidentiary hearing, and the appointment of counsel. Ueding-Nickel was not entitled to relief and the district court did not abuse its discretion. The order of the district court is affirmed.

AFFIRMED.